# EXHIBIT D

## Amended Schedules – Qualex Inc.

01:12053832.1

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| <u>**In re**</u> | ) | **Chapter 11** |
| | ) | |
| **EASTMAN KODAK COMPANY, et al.,** | ) | **Case No.  12-10202 (ALG)** |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**

**Qualex Inc.**

**Case No: 12-10216 (ALG)**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: __Qualex Inc.__

Case No.    __12-10216 (ALG)__

Chapter    __11__

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 31 | $4,031,822 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 2 | | $879,303,663 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS (Total of claims on Schedule E) | YES | 43 | | $33,004,627 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 12 | | $2,904,609 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 19 | | | |
| H - CODEBTORS | YES | 4 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 112 | | | |

Total Assets >   $4,031,822

Total Liabilities >   $915,212,899

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### NOTES PERTAINING TO ALL DEBTORS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Eastman Kodak Company ("Kodak") and its affiliated debtors in these jointly administered chapter 11 cases (collectively, the "Debtors") pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") were prepared, pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' court-appointed advisors, and are unaudited. While the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving assumption or rejection of contracts under the provisions of chapter 5 of the Bankruptcy Code, substantive consolidation, equitable subordination, defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and Statements have been signed by Antoinette McCorvey, Chief Financial Officer of Kodak. Ms. McCorvey assumed the role of Chief Financial Officer of Kodak in November 2010. Accordingly, in reviewing and signing the Schedules and Statements, Ms. McCorvey necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Ms. McCorvey has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

### Description of the Cases

On January 19, 2012 (the "Petition Date"), Kodak and 15 of its direct and indirect subsidiaries and affiliates filed voluntary petitions in the Bankruptcy Court for relief under Chapter 11 of the Bankruptcy Code. The cases have been consolidated solely for the purpose of joint administration under case number 12-10202 (ALG). Each Debtor's fiscal year ends on December 31. All asset information contained in the Schedules and Statements, except where otherwise noted, is as of December 31, 2011. The liability information, except where otherwise noted, is as of the close of business on January 18, 2012 for each respective Debtor, as appropriate. The Debtors continue to operate their business and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Basis of Presentation

For financial reporting purposes, prior to the Petition Date, the Debtors, along with certain non-Debtor affiliates and their non-Debtor subsidiaries, prepared consolidated financial statements that were audited annually. Because not all of the direct and indirect subsidiaries of Kodak are Debtors in these chapter 11 cases, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information regarding Kodak and its subsidiaries that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Due to the complexity and size of the Debtors' business, these financial books, records, and statements, and therefore these Schedules and Statements, could contain inadvertent inaccuracies, as well as classifications and characterizations which could result in the inclusion of an item on the Schedules and Statements of a Debtor that might be more appropriately reflected on the Schedules and Statements of a different Debtor. The Debtors have made reasonable efforts to correctly quantify, characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business, the Debtors may have inadvertently improperly quantified, characterized, classified, categorized, or designated certain items. In addition, certain items reported in the Schedules and Statements could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item. Moreover, the categories are included for ease of reference and are not controlling. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

### Amendment

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**
**Case Number:  12-10216 (ALG)**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Confidential or Sensitive Information

There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party and will provide parties in interest who have a reasonable basis for review of such information with sufficient information to discern the nature of the listing.

### Causes of Action

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

### Recharacterization

The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

### Claim Description

Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated, or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated, or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

### Unliquidated and Undetermined Claim Amounts

Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated" or "undetermined". Such descriptions are not intended to reflect upon the materiality of such amounts.

### Bankruptcy Court Orders

Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, taxing authorities, customers, lien claimants, foreign vendors, intercompany and certain other prepetition creditors. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements.

### Valuation

It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of December 31, 2011 are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

### Dates

The information provided herein, except as otherwise noted, represents the asset data of the Debtors as of December 31, 2011 and the liability data of the Debtors as of the close of business on January 18, 2012. December 31, 2011 was selected as the date chosen for asset data because it is the accounting closing nearest to the Petition Date, and the net book values should not have changed materially between the Petition Date and December 31, 2011.

### Workers' Compensation

Workers' compensation claims generally have been excluded from the Schedules and Statements because the Debtors are performing their obligations as required by law and in accordance with the "first day" order and supplemental order granting authority to the Debtors to satisfy those obligations in the ordinary course.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**
**Case Number: 12-10216 (ALG)**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Specific Notes

These General Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

### Liabilities

The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

### Excluded Assets and Liabilities

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including goodwill; accrued liabilities including, but not limited to, accrued salaries and employee benefits; tax accruals; accrued accounts payable; and assets with a net book value of zero. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected; to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded. Pursuant to certain Bankruptcy Court orders, the Debtors have been granted authority to pay certain prepetition obligations to, among others, employees, taxing authorities, intercompany and foreign vendors. Accordingly, these liabilities may have been satisfied in accordance with such orders and therefore may not be listed in the Schedules and Statements.

### Customer Lists

The Debtors have compiled certain customer lists and related customer information. Although this information is confidential and has not been included on Schedule B, the omission of such information should not be deemed a conclusion that such information has no value.

### Leases

The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. Capital leases are not included as assets of the Debtors on Schedule A or B. Capital leases are only reported on Schedule G for the applicable Debtor. To the extent that there was an amount outstanding under a lease as of the Petition Date, the amount owed to that creditor has been listed on Schedule F.

### Contingent Assets

The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, and (vi) warranties. Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages. Refer to each Statement, item 4(a)(i), for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

### Receivables

For confidentiality reasons the Debtors have not listed individual customer accounts receivable balance information. Accounts receivable information has been listed net of reserves for doubtful accounts and returns as of December 31, 2011.

### Guaranties and Other Secondary Liability Claims

The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule G for the Debtor or Debtors affected by such Guaranties. The Debtors, however, believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guaranties are identified.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**
**Case Number:  12-10216 (ALG)**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Co-Obligors

In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim, and such claim is marked "contingent" and "unliquidated". No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.

### Intellectual Property Rights

Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

### Fiscal Year

Each Debtor's fiscal year ends on December 31.

### Currency

Unless otherwise indicated, all amounts are reflected in U.S. dollars. To the extent data was provided in foreign currencies, exchange rates as of the Petition Date were used to convert amounts to U.S. dollars.

### Property and Equipment

Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

### Claims of Third-Party Related Entities

While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.

### Interest in Subsidiaries and Affiliates

Kodak directly or indirectly owns all or part of the subsidiaries and affiliates that are also Debtors. In addition, Kodak indirectly owns all or part of numerous subsidiaries and affiliates that are not Debtors. Interests in subsidiaries arise from stock ownership or from interests in partnerships. Each Debtor's Schedule B13, B14 or Statement 18a contains a listing of the current capital structure of Kodak and its Debtor and non-Debtor affiliates and includes ownership interests in the related affiliates, partnerships and joint ventures of each corporate affiliate.

### Umbrella or Master Agreements

A number of contracts listed in the Schedules and Statements are umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor(s) that signed the original umbrella or master agreement.

### Insiders

The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider". For these purposes, "insider" is defined as (i) directors of the Debtor; (ii) officers of the Debtor; (iii) persons in control of the Debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer, or person in control of the debtor. The listing of a party as an "insider", however, is not intended to be, nor shall be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

### Payments

The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors participated in a substantially consolidated cash management system through which certain payments were made by one entity on behalf of another. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**
**Case Number:  12-10216 (ALG)**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Intercompany Transactions

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany accounts payable and receivable. These intercompany accounts payable and receivable are settled through a series of netting transactions. Pursuant to the Cash Management Order, the Debtors received the authority to continue honoring intercompany claims and transactions, subject to the limitations of the DIP agreements. As such, the respective intercompany accounts payable and receivable as of the Petition Date are not listed in the Schedules and Statements. However, intercompany loans between Debtors and non-Debtor entities are reflected in either Schedule B-18 or Schedule F-15. The Debtors may supplement the Schedules and Statements with the intercompany account balances at a later date.

### Totals

All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.

### Schedule D - Creditors Holding Secured Claims

Amounts listed herein are as of the Petition Date.

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization or structure of any such transaction, or any document or instrument (including, without limitation, any inter-company agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary, they do not constitute an admission and are not dispositive for any purpose. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any lien. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be an admission, modification, or interpretation of or relating to such agreements.

Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D. However, the Debtors reserve all of their rights to amend Schedule D in the future to the extent the Debtors determine that any claims associated with such agreements are property reported on Schedule D. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed in Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including to argue that an agreement listed in Schedule G may be treated as a secured financing agreement, rather than an executory contract or unexpired lease. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Some of the Debtors' creditors may have filed mechanic or material man's liens following the commencement of the Debtors' chapter 11 cases. Some liens may, by virtue of section 546(b) of the Bankruptcy Code and applicable law, relate back to the period prior to the Petition Date. Any such liens that have been filed after the petition date may not be listed on Schedule D.

To the extent that any landlords, real property and personal property lessors, utility companies, or other creditors hold a security deposit from any of the Debtors and to the extent that such deposits constitute secured claims, such deposits are not listed on Schedule D, except as specifically stated herein.

### Schedule E - Creditors Holding Unsecured Priority Claims

Amounts listed herein are as of the Petition Date.

All claims listed on the Debtors' Schedule E are claims owed to various taxing authorities or to employees of the Debtors. The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

As noted in the Global Notes, the Bankruptcy Court entered a first day order granting authority to the Debtors to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order"). Pursuant to the Employee Wage Order, the Debtors believe that any priority employee claims for prepetition amounts have been or will be satisfied, and such satisfied amounts are therefore not listed on Schedule E. Only non priority employee claims against the Debtors for prepetition amounts that have not been paid as of the time that the Schedules and Statements were prepared were included; such amounts are listed on Schedule F.

Certain of the tax claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E. Therefore, the Debtors have listed all such claims as undetermined in amount, pending final resolution of on-going audits or outstanding issues.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**
**Case Number:  12-10216 (ALG)**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Schedule F - Creditors Holding Unsecured Nonpriority Claims

Amounts listed herein are as of the Petition Date.

The Debtors have used reasonable best efforts to list all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records.

Schedule F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although commercially reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtor has not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F. Such guaranties are, instead, listed on Schedule G.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**
**Case Number: 12-10216 (ALG)**

---

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING
DEBTOR'S SCHEDULES AND STATEMENTS**

**Schedule G - Executory Contracts and Unexpired Leases**

The Debtors' business is complex. While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusion may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such provider or vendor.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the Debtors' executory contracts are purchase and sale agreements. In those instances, the executory contracts generally are listed in either the "sales agreements" or "purchase agreements" category, not both.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In order to comply with legal requirements in certain foreign jurisdictions, Eastman Kodak Company over the years has entered into a number of trademark licenses with various of its foreign subsidiaries in order for those subsidiaries to demonstrate a right to act on behalf of Eastman Kodak Company and for Eastman Kodak Company to be able to demonstrate that the subsidiaries' use of the subject trademarks is with the permission of and inures to the benefit of Eastman Kodak Company.  Because such intercompany licenses are procedural and ordinary course in nature, they are not captured on Schedule G.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G refer to a former name of a Debtor. The exhibit to Schedule B13 and B14 lists the names that particular Debtor has used during the eight years prior to the Petition Date and may be referred to in this regard.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**
**Case Number: 12-10216 (ALG)**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

connection with, among other things, acquisitions by the Debtors. In those instances, the entity listed as the party to the executory contract or unexpired lease is the former party to same.

The Debtors have used reasonable best efforts to list all executory contracts and unexpired leases under the correct Debtor and agreement category. However, due to the large volume of these agreements, certain of the executory contracts and unexpired leases may be listed under the incorrect Debtor and/or agreement category.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F. Such guaranties are, instead, listed on Schedule G.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected; to the extent such damage claims exist.

Due to the volume of the Debtors' executory contracts and unexpired leases, the Debtors are still in the process of collecting the addresses of all counterparties to such executory contracts and unexpired leases. These addresses will be compiled prior to sending notice of the bar date for the filing of proofs of claim in these chapter 11 cases.

### Schedule H - Co-Debtors

In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. In addition, in the ordinary course of their business, certain of the Debtors have guaranteed certain obligations and liabilities. However, the transactions and guarantees between the Debtors and their subsidiaries are too voluminous to list separately but, in some instances, are reflected elsewhere in the Schedules and Statements. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. The Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Due to the volume of such claims and because all such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

### Statements - Question 3b (i) and (ii) - 90 Day Payments

The dates set forth in the "Date of Payment" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the clearance date for a check or money order. In addition to the payments disclosed in response to this Question, the Debtors engaged in numerous transactions, including employee compensation, independent contractor fees, Directors' fees, and intercompany payments that the Debtors may not have included in response to this question.

### Statements - Question 4 - Lawsuits

If a Debtor entity does not appear as a named party in a particular line item on this Statement it is because that Debtor is named under the full case name rather than the abbreviated case caption set forth on this Schedule. If multiple Debtors are parties in a given proceeding, that proceeding will be listed on Attachment 4a of the Statement for each Debtor named. Attachment 4a(i) lists those suits where the Debtor is a Plaintiff; Attachment 4a(ii) lists those suits where the Debtor is a Defendant. The Debtors reserve the right to assert that any Debtor or non-Debtor party is not an appropriate party to such actions or proceedings. In the ordinary course of business, the Debtors may be obligated to withhold amounts from the paychecks of various regular employees in connection with garnishment orders or other state law withholding orders. The Debtors believe that these amounts do not constitute property of the estate and, accordingly, are not responsive to this question. Moreover, out of concerns for the confidentiality of the Debtors' employees, the Debtors have not listed any such garnishment in response to this question.

### Statements - Question 5 - Repossessions, foreclosures and returns

In connection with the manufacture and assembly of various digital imaging and printing technology devices including printers, scanners, digital cameras, printing presses, photographic film and paper, and digital plates among other items, the Debtors receive goods, materials and work in process (collectively, the "Materials") from thousands of suppliers and processors. In the ordinary course of their dealings with these suppliers and processors, the Debtors regularly receive damaged and nonconforming Materials, which the Debtors return in exchange for credits or other consideration. Because of the sheer volume of such returns the Debtors have not listed the value or frequency of such returns, nor the resulting credits or consideration.

### Statements - Question 7 - Gifts

In the year preceding the Petition Date, Eastman Kodak Company made cash and other equipment contributions to the organizations listed in these reports. While reasonable efforts have been made to ensure that the gifts listed in response to Question 7 include all gifts made, given the magnitude of the Debtors' operations, certain gifts inadvertently may have been omitted from the Schedules and Statements.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

**Qualex Inc.**

**Case Number:  12-10216 (ALG)**

---

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS**

**Statements - Question 8 - Losses**

For debtors with losses, an attachment of detailed information is included in the comprehensive Statements of Financial Affairs. The losses listed exclude those incurred in the ordinary course of business or those where the amount of such losses is de minimis.

**Statements - Question 9 - Payments related to debt counseling or bankruptcy**

Unless otherwise disclosed, all professional fees related to restructuring or bankruptcy counseling were paid by Eastman Kodak Company on behalf of all Debtors.

**Statements - Question 10 - Other Transfers**

The transfers of property listed here include all transfers of property out of the Debtor entities that occurred outside the ordinary course of business.  In addition to the transfers listed here, there may be various assets of de minimis value that were transferred or disposed of in connection with the sale or wind-down or closing of certain businesses and/or locations.  Those de minimis assets are also not contained in this report.

**Statements - Question 18c - Nature, Location of Business**

Listed here are the business interests acquired by merger or sold in the six years prior to the Petition Date. For a complete list of additional businesses of the Debtor's affiliates as of the Petition Date, including any business entities that own or are owned by the Debtor in whole or in part, see Exhibit B-13 and B-14 to Schedule B.

In re: <u>Qualex Inc.</u>                                                                     Case No.  <u>12-10216 (ALG)</u>

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.d., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts and/or unexpired leases to report on this Schedule G.

| | |
|---|---|
| See Attached Schedule G-1 | Insurance Contracts |
| See Attached Schedule G-2 | Employment Related Agreements |
| See Attached Schedule G-3 | Purchase Agreement |
| See Attached Schedule G-4 | Sales Agreement |
| See Attached Schedule G-5 | Service Agreement |
| See Attached Schedule G-6 | Other |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

<u>18</u>    total continuation sheets attached

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

**Exhibit G-3**

**Purchase Agreement**

| Contract ID | Counterparty Name | Contract Description | Address |
|---|---|---|---|
| 16-G-03-87178 | ADECCO EMPLOYMENT SVC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 9/7/2000 | 2500 MERIDIAN PARKWAY<br>SUITE 105<br>DURHAM, NC 27713 |
| 16-G-03-87144 | ADP, INC. | NATIONAL ACCOUNT SERVICES MSA<br>EFFECTIVE DATE: 9/18/2002 | 5800 WINDWARD PARKWAY<br>ALPHARETTA, GA 30005 |
| 16-G-03-87145 | ADP, INC. | NATIONAL ACCOUNT SERVICES MSA<br>EFFECTIVE DATE: 11/27/2007 | 5800 WINDWARD PARKWAY<br>ALPHARETTA, GA 30005 |
| 16-G-03-87146 | ADP, INC. | NATIONAL ACCOUNT SERVICES MSA<br>EFFECTIVE DATE: 6/2/2009 | 5800 WINDWARD PARKWAY<br>ALPHARETTA, GA 30005 |
| 16-G-03-87143 | ADP, INC. | NATIONAL ACCOUNT SERVICES MSA<br>EFFECTIVE DATE: 9/18/2002 | 5800 WINDWARD PARKWAY<br>ALPHARETTA, GA 30005 |
| 16-G-03-87179 | ADT SECURITY SERVICES, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 1/6/2011 | 3401 RIDER TRAIL S<br>EARTH CITY, MO 63045 |
| 16-G-03-87180 | ADT SECURITY SERVICES, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 1/6/2011 | 3401 RIDER TRAIL S<br>EARTH CITY, MO 63045 |
| 16-G-03-87148 | BARNETT ASSOCIATES, INC. | SERVICE AGREEMENT<br>EFFECTIVE DATE: 1/1/2012 | 61 HILTON AVENUE<br>GARDEN CITY, NY 11530 |
| 16-G-03-87147 | BARNETT ASSOCIATES, INC. | SERVICE AGREEMENT<br>EFFECTIVE DATE: 4/15/2006 | 61 HILTON AVENUE<br>GARDEN CITY, NY 11530 |
| 16-G-03-87185 | BRINKS | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 8/9/2011 | IRVING, TX 75062 |
| 16-G-03-87182 | BRINKS | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 11/4/2011 | 2530 CENTURY LAKE<br>IRVING, TX 75062 |
| 16-G-03-87183 | BRINKS | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 11/4/2011 | 2530 CENTURY LAKE<br>IRVING, TX 75062 |
| 16-G-03-87184 | BRINKS | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 6/21/2011 | 5575 NW 87 AVENUE<br>MIAMI, FL 33178 |
| 16-G-03-87181 | BRINKS | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 4/27/2011 | P.O. BOX 1600<br>WEBSTER, NY 14580 |
| 16-G-03-87188 | BUILDINGSTARS | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 6/3/2010 | 11489 PAGE SERVICE DRIVE<br>ST. LOUIS, MO 63146 |
| 16-G-03-87189 | BUILDINGSTARS | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 9/20/2011 | 11490 PAGE SERVICE DRIVE<br>ST. LOUIS, MO 63146 |
| 16-G-03-87186 | BUSINESS SOFTWARE, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 9/14/2007 | 155 TECHNOLOGY PARKWAY<br>SUITE 100<br>NORCROSS, GA 30092 |

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

**Exhibit G-3**

**Purchase Agreement**

| Contract ID | Counterparty Name | Contract Description | Address |
|---|---|---|---|
| 16-G-03-87187 | BUSINESS SOFTWARE, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 8/2/2011 | 155 TECHNOLOGY PARKWAY<br>SUITE 100<br>NORCROSS, GA 30092 |
| 16-G-03-87190 | CASSONE LEASING, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 4/1/2011 | 1950 LAKELAND AVENUE<br>RONKONKOMA, NY 11779 |
| 16-G-03-87201 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 8/18/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87209 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 4/25/2011 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87208 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 11/29/2010 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87207 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 8/4/2010 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87206 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 6/30/2010 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87205 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 10/20/2011 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87204 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 2/17/2010 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87203 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 8/28/2009 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87202 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 7/22/2009 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87200 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 7/30/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87199 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 11/19/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

**Exhibit G-3**
**Purchase Agreement**

| Contract ID | Counterparty Name | Contract Description | Address |
|---|---|---|---|
| 16-G-03-87198 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 11/19/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87197 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 8/25/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87195 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 6/4/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87193 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 7/18/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87210 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 4/3/2009 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87191 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 4/22/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87196 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 7/21/2008 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87192 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 8/25/2008 | 2275CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87212 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 3/27/2009 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87194 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 7/22/2009 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87211 | CENTRICS LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 3/17/2009 | 2275 CASSENS DRIVE<br>SUITE 130<br>FENTON, MO 63026 |
| 16-G-03-87153 | CERIDIAN CORPORATION | PAYROLL TAX PROCESSING AGREEMENT<br>EFFECTIVE DATE: 1/1/2002 | 17390 BROOKHURST STREET<br>FOUNTAIN VALLEY, CA 92708 |
| 16-G-03-87156 | CERIDIAN CORPORATION | HR / EMPLOYMENT RELATED AGREEMENT<br>EFFECTIVE DATE: 1/1/2007 | 3311 EAST OLD SHAKOPEE ROAD<br>MINNEAPOLIS, MN 55425 |
| 16-G-03-87154 | CERIDIAN CORPORATION | PAYROLL TAX PROCESSING AGREEMENT<br>EFFECTIVE DATE: 12/1/2002 | 17390 BROOKHURST STREET<br>FOUNTAIN VALLEY, CA 92708 |

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

**Exhibit G-3**

**Purchase Agreement**

| Contract ID | Counterparty Name | Contract Description | Address |
|---|---|---|---|
| 16-G-03-87152 | CERIDIAN CORPORATION | AGREEMENT FOR PRODUCTS AND SERVICES - W2 PROCESSING EFFECTIVE DATE: 9/3/2003 | 3311 EAST OLD SHAKOPEE ROAD MINNEAPOLIS, MN 55425 |
| 16-G-03-87151 | CERIDIAN CORPORATION | AGREEMENT FOR PRODUCTS AND SERVICES - W2 PROCESSING EFFECTIVE DATE: 2/21/2003 | 3311 EAST OLD SHAKOPEE ROAD MINNEAPOLIS, MN 55425 |
| 16-G-03-87150 | CERIDIAN CORPORATION | AGREEMENT SERVICE - TUITION REIMBURSEMENT EFFECTIVE DATE: 4/1/2002 | 3201 34TH STREET SOUTH ST. PETERSBURG, FL 33711 |
| 16-G-03-87149 | CERIDIAN CORPORATION | AGREEMENT FOR PRODUCTS AND SERVICES - RECRUITING SOLUTIONS EFFECTIVE DATE: 12/29/2006 | 3311 EAST OLD SHAKOPEE ROAD MINNEAPOLIS, MN 55425 |
| 16-G-03-87155 | CERIDIAN CORPORATION | HR / EMPLOYMENT RELATED AGREEMENT EFFECTIVE DATE: 12/1/2002 | 3311 EAST OLD SHAKOPEE ROAD MINNEAPOLIS, MN 55425 |
| 16-G-03-87157 | CHOICEPOINT WORKPLACE SOLUTIONS INC. | MASTER SERVICE AGREEMENT EFFECTIVE DATE: 5/18/2006 | 1000 ALDERMAN DRIVE ALPHARETTA, GA 30005 |
| 16-G-03-87158 | CHOICEPOINT WORKPLACE SOLUTIONS INC. | MASTER SERVICE AGREEMENT EFFECTIVE DATE: 5/18/2006 | 1000 ALDERMAN DRIVE ALPHARETTA, GA 30005 |
| 16-G-03-87159 | CHOICEPOINT WORKPLACE SOLUTIONS INC. | MASTER SERVICE AGREEMENT EFFECTIVE DATE: 5/18/2006 | 1000 ALDERMAN DRIVE ALPHARETTA, GA 30005 |
| 16-G-03-87160 | CHOICEPOINT WORKPLACE SOLUTIONS INC. | MASTER SERVICE AGREEMENT EFFECTIVE DATE: 5/18/2006 | 1000 ALDERMAN DRIVE ALPHARETTA, GA 30005 |
| 16-G-03-87215 | COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | PURCHASE AGREEMENT EFFECTIVE DATE: 3/26/2010 | 1500 MARKET STREET PHILADELPHIA, PA 19102 |
| 16-G-03-87214 | COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | PURCHASE AGREEMENT EFFECTIVE DATE: 5/14/2009 | 1500 MARKET STREET PHILADELPHIA, PA 19102 |
| 16-G-03-87213 | COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | PURCHASE AGREEMENT EFFECTIVE DATE: 5/14/2009 | 1500 MARKET STREET PHILADELPHIA, PA 19102 |
| 16-G-03-87161 | COMDATA CORPORATION | PAY CARD SERVICES AGREEMENT EFFECTIVE DATE: 11/16/2009 | 5301 MARYLAND WAY BRENTWOOD, TN 37027 |
| 16-G-03-87216 | COMPUTER TASK GROUP | PURCHASE AGREEMENT EFFECTIVE DATE: 1/1/2011 | 30 N UNION ST SUITE 201 ROCHESTER, NY 14607 |
| 16-G-03-87176 | CORPORATE TRANSFER SERVICE, INC. | RELOCATION SERVICES AGREEMENT EFFECTIVE DATE: 4/18/2000 | WATERFORD PARK 505 NORTH HIGHWAY 169 PLYMOUTH, MN 55441 |
| 16-G-03-87174 | CORPORATE TRANSFER SERVICE, INC. | RELOCATION SERVICES AGREEMENT EFFECTIVE DATE: 5/9/1997 | WATERFORD PARK 505 NORTH HIGHWAY 169 PLYMOUTH, MN 55441 |

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

**Exhibit G-3**

**Purchase Agreement**

| Contract ID | Counterparty Name | Contract Description | Address |
|---|---|---|---|
| 16-G-03-87175 | CORPORATE TRANSFER SERVICE, INC. | RELOCATION SERVICES AGREEMENT<br>EFFECTIVE DATE: 5/9/1997 | WATERFORD PARK<br>505 NORTH HIGHWAY 169<br>PLYMOUTH, MN 55441 |
| 16-G-03-87217 | DIGILAB, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 3/24/2010 | 1032 ELWELL COURT<br>PALO ALTO, CA 94303 |
| 16-G-03-87218 | DUNBAR ARMORED, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 1/11/2007 | 50 SCHILLING ROAD<br>HUNT VALLEY, MD 21031 |
| 16-G-03-87162 | EMPLOYMENT ADVISORY SERVICES, INC. | SERVICE AGREEMENT<br>EFFECTIVE DATE: 4/23/2010 | 1501 M STREET NW<br>SUITE 400<br>WASHINGTON, DC 20005 |
| 16-G-03-87163 | EXCELLERATEHRO | DBCONNECT SERVICES AGREEMENT<br>EFFECTIVE DATE: 1/1/2007 | 5400 LEGACY DRIVE<br>H3-6C-45<br>PLANO, TX 75024 |
| 16-G-03-87166 | FLORES AND ASSOCIATES INC. | MASTER DOCUMENT - SECTION 125 CAFETERIA PLAN<br>EFFECTIVE DATE: 1/1/2011 | 227 WEST TRADE STREET<br>SUITE 450<br>CHARLOTTE, NC 28202 |
| 16-G-03-87165 | FLORES AND ASSOCIATES INC. | MEDICAL REIMBURSEMENT PLAN ADMINISTRATION AGREEMENT<br>EFFECTIVE DATE: 1/1/1999 | 227 WEST TRADE STREET<br>SUITE 450<br>CHARLOTTE, NC 28202 |
| 16-G-03-87164 | FLORES AND ASSOCIATES INC. | DEPENDENT CARE ASSISTANCE PLAN ADMINISTRATION<br>AGREEMENT<br>EFFECTIVE DATE: 1/1/1999 | 227 WEST TRADE STREET<br>SUITE 450<br>CHARLOTTE, NC 28202 |
| 16-G-03-87219 | FOOD EXPRESS, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 6/2/2009 | 7901 THORNDIKE ROAD<br>GREENSBORO, NC 27409 |
| 16-G-03-87220 | G. G. CREATIONS, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 1/19/2007 | 515 2ND AVENUE<br>ACKLEY, IA 50601 |
| 16-G-03-87221 | GRANITE TELECOMMUNICATIONS, LLC | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 10/25/2004 | 100 NEWPORT AVENUE EXTENSION<br>QUINCY, MA 2171 |
| 16-G-03-87222 | INTERNATIONAL BUSINESS MACHINES CORPORATION | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 3/12/2009 | NEW ORCHARD ROAD<br>ARMONK, NY 10504 |
| 16-G-03-87223 | IRON MOUNTAIN INFORMATION MANAGEMENT, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 4/20/2009 | 745 ATLANTIC AVENUE<br>FLOOR 10<br>BOSTON, MA 2111 |
| 16-G-03-87169 | KRONOS INCORPORATED | PROFESSIONAL SERVICES AGREEMENT<br>EFFECTIVE DATE: 3/21/2000 | 297 BILLERICA ROAD<br>CHELMSFORD, MA 1824 |
| 16-G-03-87168 | KRONOS INCORPORATED | KRONOS SALES AGREEMENT AND SOFTWARE LICENSE | 297 BILLERICA ROAD<br>CHELMSFORD, MA 1824 |

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

**Exhibit G-3**

**Purchase Agreement**

| Contract ID | Counterparty Name | Contract Description | Address |
|---|---|---|---|
| 16-G-03-87170 | KRONOS INCORPORATED | PROFESSIONAL SERVICES AGREEMENT | 297 BILLERICA ROAD<br>CHELMSFORD, MA 1824 |
| 16-G-03-87171 | KRONOS INCORPORATED | SOFTWARE LICENSE AGREEMENT<br>EFFECTIVE DATE: 3/21/2000 | 297 BILLERICA ROAD<br>CHELMSFORD, MA 1824 |
| 16-G-03-87167 | KRONOS INCORPORATED | KRONOS SALES AGREEMENT AND SOFTWARE LICENSE<br>EFFECTIVE DATE: 3/21/2000 | 297 BILLERICA ROAD<br>CHELMSFORD, MA 1824 |
| 16-G-03-87224 | LAWSON SOFTWARE AMERICAS, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 1/10/2011 | 380 SAINT PETER STREET<br>SAINT PAUL, MN 55102 |
| 16-G-03-87989 | LAWSON SOFTWARE, INC. | PURCHASE AGREEMENT | 380 SAINT PETER STREET<br>SAINT PAUL, MN 55102 |
| 16-G-03-87225 | MATRA SYSTEMS, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 10/6/2006 | 3355 BRECKINRIDGE BLVD.<br>SUITE 120<br>DULUTH, GA 30096 |
| 16-G-03-87226 | MATRA SYSTEMS, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 10/6/2006 | 3355 BRECKINRIDGE BLVD.<br>SUITE 120<br>DULUTH, GA 30096 |
| 16-G-03-87227 | MEDIACLIP INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 8/1/2008 | 30 DE SERRES<br>TERREBONNE, QC J6Y 1W3<br>CANADA |
| 16-G-03-87228 | MILLER'S PROFESSIONAL COLOR SERVICE | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 9/15/2008 | 610 EAST JEFFERSON STREET<br>PITTSBURG, KS 66762 |
| 16-G-03-87229 | MISSION RECYCLING | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 5/1/2009 | 1341 EAST MISSION BLVD.<br>POMONA, CA 91766 |
| 16-G-03-87172 | MONSTER.COM | MONSTER'S ELECTRONIC QUOTE ACCEPTANCE SERVICE | 5 CLOCK TOWER PLACE<br>MAYNARD, MA 1754 |
| 16-G-03-87230 | OCÉ FINANCIAL SERVICES, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 9/11/2007 | 5600 BROKEN SOUND BOULEVARD NW<br>BOCA RATON, FL 33487 |
| 16-G-03-87231 | OCÉ FINANCIAL SERVICES, INC. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 12/21/2005 | 5600 BROKEN SOUND BOULEVARD NW<br>BOCA RATON, FL 33487 |
| 16-G-03-87173 | OSBORNE-BRUMSEY & ASSOCIATES, INC | HR / EMPLOYMENT RELATED AGREEMENT | 2007 BOULEVARD ST<br>SUITE A<br>GREENSBORO, NC 27407 |
| 16-G-03-87177 | PHOTOWIZARDS, LTD. | PURCHASE AGREEMENT<br>EFFECTIVE DATE: 6/15/2011 | LOT 1 1ST FLOOR WISMA SIAMLOH JALAN<br>KENAJUAN, 87007, JALAN KENAJUAN<br>LABUAN 87007<br>MALAYSIA |

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

**Exhibit  G-3**

**Purchase Agreement**

| Contract ID | Counterparty Name | Contract Description | Address |
|---|---|---|---|
| 16-G-03-87232 | PHOTOWIZARDS, LTD. | PURCHASE AGREEMENT EFFECTIVE DATE: 6/15/2011 | LOT 1 1ST FLOOR WISMA SIAMLOH JALAN KENAJUAN, LABUAN 87007 MALAYSIA |
| 16-G-03-87233 | PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC | PURCHASE AGREEMENT EFFECTIVE DATE: 5/22/2009 | 1 ELMCROFT ROAD STAMFORD, CT 06926 |
| 16-G-03-87234 | RECALL TOTAL INFORMATION MANAGEMENT, INC | PURCHASE AGREEMENT EFFECTIVE DATE: 12/1/2010 | 180 TECHNOLOGY PARKWAY FLOOR 1 NORCROSS, GA 30092 |
| 16-G-03-87235 | RECALL TOTAL INFORMATION MANAGEMENT, INC | PURCHASE AGREEMENT EFFECTIVE DATE: 12/1/2010 | 180 TECHNOLOGY PARKWAY FLOOR 1 NORCROSS, GA 30092 |
| 16-G-03-87236 | RECALL TOTAL INFORMATION MANAGEMENT, INC | PURCHASE AGREEMENT EFFECTIVE DATE: 12/1/2010 | 180 TECHNOLOGY PARKWAY FLOOR 1 NORCROSS, GA 30092 |
| 16-G-03-87237 | REYTALON LTD. | PURCHASE AGREEMENT EFFECTIVE DATE: 5/19/2011 | 154 MENACHEM BEGIN ROAD TEL AVIV 64921 ISRAEL |
| 16-G-03-87239 | ROBERT HALF INTERNATIONAL (RHI) | PURCHASE AGREEMENT EFFECTIVE DATE: 9/24/2008 | 4140 PARKLAKE AVENUE SUITE 500 RALEIGH, NC 27612 |
| 16-G-03-87238 | ROBERT HALF INTERNATIONAL (RHI) | PURCHASE AGREEMENT EFFECTIVE DATE: 9/23/2008 | 6320 QUADRANGLE DRIVE SUITE 160 CHAPEL HILL, NC 27517 |
| 16-G-03-87242 | SPRINT SOLUTIONS, INC. | PURCHASE AGREEMENT | 12524 SUNRISE VALLEY DRIVE RESTON, VA 20196 |
| 16-G-03-87241 | SPRINT SOLUTIONS, INC. | PURCHASE AGREEMENT | 12524 SUNRISE VALLEY DRIVE RESTON, VA 20196 |
| 16-G-03-87240 | SPRINT SOLUTIONS, INC. | PURCHASE AGREEMENT EFFECTIVE DATE: 11/30/2004 | 12524 SUNRISE VALLEY DRIVE RESTON, VA 20196 |
| 16-G-03-87243 | SPRINT SOLUTIONS, INC. | PURCHASE AGREEMENT | 12524 SUNRISE VALLEY DRIVE RESTON, VA 20196 |
| 16-G-03-87244 | SPRINT SOLUTIONS, INC. | PURCHASE AGREEMENT EFFECTIVE DATE: 9/12/2005 | 12524 SUNRISE VALLEY DRIVE RESTON, VA 20196 |
| 16-G-03-87245 | SUNSTATES SECURITY LLC | PURCHASE AGREEMENT EFFECTIVE DATE: 9/8/2008 | 133 SOUTHCENTER COURT SUITE 1100 MORRISVILLE, NC 27560 |
| 16-G-03-87246 | TIME WARNER TELECOM HOLDINGS INC. | PURCHASE AGREEMENT | 200 MERIDIAN CENTER ROCHESTER, NY 14618 |

**Qualex Inc.**

**Case Number: 12-10216 (ALG)**

**Exhibit  G-3**

**Purchase Agreement**

| Contract ID | Counterparty Name | Contract Description | Address |
|---|---|---|---|
| 16-G-03-87247 | UNITED PARCEL SERVICES GENERAL SERVICES CO. | PURCHASE AGREEMENT EFFECTIVE DATE: 11/5/2007 | 55 GLENLAKE PARKWAY, N.E. ATLANTA, GA 30328 |

**TOTAL NUMBER OF CONTRACTS:  106**