**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――
                                                            )         Chapter 11
In re:                                                     )
                                                            )         Case No. 12-10202 (ALG)
EASTMAN KODAK COMPANY, *et al.*,   )
                                                            )         (Jointly Administered)
Debtors.                                                )
―――――――――――――――――――――――――――)


A P P E A R A N C E S:

SULLIVAN & CROMWELL LLP
*Counsel to the Debtors*
125 Broad Street
New York, New York 10004
   By:   Andrew G. Dietderich
           Brian D. Glueckstein
           Michael H. Torkin

AKIN GUMP STRAUSS HAUER & FELD LLP
*Counsel to the Second Lien Noteholders Committee*
One Bryant Park
New York, New York 10036
   By:   Michael S. Stamer
           David H. Botter
           Abid Qureshi

KIRKLAND & ELLIS LLP
*Counsel to Apple Inc.*
601 Lexington Avenue
New York, New York 10022
   By:   James H.M. Sprayregen, P.C.
           Gregory S. Arovas, P.C.
           Paul M. Basta
           Brian S. Lennon

- and -

300 North LaSalle
Chicago, Illinois 60654
   By:   David R. Seligman, P.C.
           Marcus E. Sernel, P.C.

1

PEPPER HAMILTON LLP
*Counsel for FlashPoint Technology, Inc.*
Suite 1800
4000 Town Center
Southfield, Michigan 48075
  By:  Deborah Kovsky-Apap

- and -

19th Floor, High Street Tower
125 High Street
Boston, MA 02110-2736
  By:  William D. Belanger
       Todd A. Feinsmith
       Lana A. Gladstein

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

## MEMORANDUM OF DECISION

Eastman Kodak Company (together with affiliated debtors, "Kodak"), has moved for an order, pursuant to § 105(a) of the Bankruptcy Code, in aid of its planned sale of certain patents related to digital cameras.[1] For the reasons stated hereafter, the motion is denied.

## Background

The background of the dispute is as follows. On January 19, 2012, Kodak filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. According to the declaration that accompanied the petitions, Kodak created the first digital camera in 1976, and since then has invested billions of dollars into research and development of digital imaging technology. Declaration of Antoinette P. McCorvey ¶ 8, dated Jan. 18, 2012. (Dkt. No. 2.). As a central part of its reorganization efforts, Kodak plans to sell its patents relating to digital imaging

---

[1] The Court heard argument on the motion on June 13, 2012 and because of the importance of a prompt decision, issued this opinion from the bench in substantially similar form.

2

under § 363 of the Bankruptcy Code. Kodak has filed a motion to establish procedures for such a sale, which it contemplates concluding as early as August. In its motion, Kodak states that its principal creditor groups support in principle its procedures for a sale of the patents.

Kodak's ownership of ten digital imaging patents, however, has been disputed in these proceedings by Apple, Inc. ("Apple") and (more recently) by Flashpoint Technology, Inc ("Flashpoint").[2] The '218 Patent is the subject of pending patent infringement litigation that Kodak brought against Apple prepetition in which Apple asserted ownership of the patent as a defense.[3] Apple's ownership claims with respect to the nine other patents are newer -- asserted for the first time post-petition. In addition, Apple asserts inventorship claims under 35 U.S.C. § 256 with respect to all ten of the disputed patents. Flashpoint, an entity formed in 1996, apparently as a spinout of Apple's digital camera business, has recently appeared to assert similar (or identical) ownership and inventorship claims as an assignee of Apple.

In the instant motion, Kodak requests entry of an order in aid of its planned § 363 sale finding that Apple and FlashPoint have no ownership interests in any of the disputed patents and permitting a sale of those patents free and clear of any such claim. Kodak asserts that the ownership or inventorship claims of Apple and Flashpoint can be determined summarily because they are barred by the relevant statutes of limitations or by the equitable doctrine of laches.

---

[2] The disputed patents are U.S. Patent Nos. 5,493,335; 5,828,406; 6,147,703; 6,292,218 (the "'218 Patent"); 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; and 7,936,391, all in Kodak's name.

[3] In January 2010, Kodak filed a complaint with the U.S. International Trade Commission (the "ITC") requesting an investigation of Apple for importing products infringing the '218 Patent in violation of § 337 of the Tariff Act of 1930, 19 U.S.C. § 1337. The ITC commenced an initial investigation into Apple's alleged infringement (the "ITC Proceeding"), in which Apple asserted that it owned the '218 Patent as one of its defenses. On January 24, 2011, Chief Administrative Law Judge Paul Luckern issued Final Initial and Recommended Determinations, in which he found that Apple had no ownership interest in the '218 Patent (and also that the patent was invalid for obviousness). Although the ITC Proceeding has proceeded through additional litigation, none of the subsequent proceedings has over-ruled his determination that Apple lacks a valid ownership interest in the '218 Patent. However, it is also clear that such determination is not binding in litigation in court.

Apple and Flashpoint have objected to the motion, asserting among other things that it is procedurally improper and that their ownership rights cannot be determined summarily in a contested matter in connection with a § 363 sale.  They also dispute on the merits Kodak's assertions that their claims are time-barred.

## Discussion

Section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Although § 105(a) invests bankruptcy courts with broad equitable power in aid of a debtor's reorganization, that power can only be exercised in carrying out the provisions of the Bankruptcy Code, "rather than to further the purposes of the Code generally, or otherwise to do the right thing." *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 91-92 (2d Cir. 2003) (internal quotation marks and citations omitted).

Bankruptcy Rule 7001(2) makes clear that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" is an adversary proceeding. Fed. R. Bankr. P. 7001(2). Additionally, Rule 7001(9) provides that "a proceeding to obtain a declaratory judgment relating to" proceedings described in the other subsections of Rule 7001 must be commenced as an adversary proceeding.  Fed. R. Bankr. Proc. 7001(9); *see also In re Teligent, Inc.*, 459 B.R. 190, 195 (Bankr. S.D.N.Y. 2011) ("[A] party seeking a declaratory judgment must do so by commencing an adversary proceeding.").

Since the relief Kodak seeks is, for all intents and purposes, an action for a declaratory judgment to determine an interest in property by excluding the claimed interests of Apple and Flashpoint, the plain meaning of Rule 7001 indicates that it must be brought as an adversary

4

proceeding, not as a contested Rule 9014 motion. Although Kodak proceeds on the premise it can obtain the relief it seeks based on this Court's ability to authorize sales under § 363,[4] it has not cited any authority that a bankruptcy court can determine ownership of property in connection with a sale motion, and the small amount of authority on point suggests the opposite.[5] *Cf. SLW Capital, LLC v. Janica Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230 (3d Cir. 2008) (holding that an adversary proceeding is required to strip a lien under Rule 7001(2)).

The courts have been reluctant to allow parties' rights to property to be summarily determined as an adjunct to a bankruptcy motion. For example, in *In re Orion Pictures Corporation*, 4 F.3d 1095 (2d Cir. 1993), the Second Circuit held that a breach of contract determination should not have been made as part of a motion to assume the contract, and that the bankruptcy court should merely have decided whether it was likely that a breach could be shown, as that issue bore on the debtor's business judgment in deciding to assume the contract. The Court noted that a motion to assume should be considered a summary proceeding facilitating the swift administration of the bankruptcy estate, not an occasion for a trial on disputed issues. *Id.* at 1098-99. Like the standard for the assumption of executory contracts, the standard for sales of estate property is one of business judgment. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983) (a sale under section 363 requires "some articulated

---

[4] Section 363(b)(1) of the Bankruptcy Code permits a debtor in possession to use, sell or lease all or part of the property of the estate outside the ordinary course of business, with court permission after notice and an opportunity for a hearing.

[5] One case Kodak has cited in support of the proposition that a bankruptcy court may determine property interests of the debtor by motion is *Koreag, Controle et Revision S.A., v. Refco F/X Assocs., Inc. (In re Koreag, Controle et Revision S.A.)*, 961 F.2d 341, 348 (2d Cir. 1992). *Koreag* arose in the context of a turnover action in a § 304 cross-border case, where the Court held that an "antecedent determination" of the estate's property interest was needed before deciding whether the property should be turned over to a foreign representative for ultimate distribution to creditors in the foreign proceeding. *See id.* at 426. *Koreag*, however, has since been limited by the Second Circuit. *See JPMorgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412, F.3d 418 (2d Cir. 2005). In any event, it has little application here, where the Court is asked to authorize a sale of estate property in a domestic chapter 11 proceeding, not to remit property to another country.

business justification"). Thus, in connection with a § 363 sale, the central issue is the reasonableness of the trustee's business judgment to sell property whose ownership may be disputed, and this does not require a definitive determination of ownership rights.

Kodak and the Ad Hoc Noteholders' Committee contend that it would exalt form over substance to require the commencement of an adversary proceeding, and they cite a few cases in which the requirement of a separate adversary has been waived. It may be appropriate in some situations to grant such relief. In this case, the issues are sufficiently complex as to require them to be asserted in the context of an adversary proceeding. For example, Apple in its papers makes much of its right to a jury trial and has filed a motion asking the District Court to withdraw the reference in partial reliance on its alleged jury rights. An adversary proceeding would permit the litigation of any issues relating to rights to a jury trial, if one is demanded, and all of the issues can be decided in an orderly fashion that protects Apple's and Flashpoint's rights while avoiding delay. Thus, in an adversary proceeding, any party who believed that a statute of limitations or laches issue could be summarily determined could file an appropriate motion for such a determination. Since such a motion obviously is not decided by the jury, proceeding in an adversary proceeding would protect all parties' due process rights and also prevent any party from obfuscating the issues and delaying a determination thereof.

Although some courts have not only required the opening of an adversary proceeding to determine the issue of ownership, but have also held that ownership must be determined prior to a sale of the property,[6] this decision does not assume such a result. In this case, any such holding might be extremely destructive of value, and it would appear to be inconsistent with the plain

---

[6] *See, e.g.*, *In re Whitehall Jewelers Holdings, Inc.*, No. 08-11261, 2008 WL 2951974 (Bankr. D. Del. July 28, 2008). It is worth noting, however, that in *Whitehall*, the debtors were seeking to sell consigned property and thus had not made even a *prima facie* showing that the property to be sold was property of the estate.

6

meaning of § 363(f)(4) of the Bankruptcy Code, which permits a sale free and clear of a third party's interest in property if the interest is in bona fide dispute.[7] Although § 363(f)(4) is most commonly applied when the entity's "interest" is a lien or security interest, the plain language of the provision would include an ownership "interest." Several cases have assumed this construction. *See, e.g.*, *In re Olympia Holding Corp.*, 129 B.R. 679, 681 (Bankr. M.D. Fla. 1991); *In re NJ Affordable Homes Corp.*, No. 05-60442, 2006 WL 2128624 (Bankr. D.N.J. June 26, 2006). This result is also strongly supported by the wording of § 363(h), setting forth provisions for the sale of a co-owner's "interest" and using the word "interest" to mean an ownership rather than a lien or security interest. *See In re Spain*, 831 F.2d 236, 240 (11th Cir. 1987). Since a standard rule of statutory construction is to interpret the identical words in the same section of a statute to have the same meaning, *Cohen v. De La Cruz*, 523 U.S. 213, 220 (1998), it would appear that Kodak could sell the disputed patents under § 363 with the proceeds to be escrowed, awaiting a determination as to whether they should be paid to Kodak, Apple, or Flashpoint. *See, e.g., In re DVI, Inc.*, 306 B.R. 496 (Bankr. D. Del. 2004); *see also* Matthew Bruckner, *Improving Bankruptcy Sales by Raising the Bar: Imposing a Preliminary Injunction Standard on Objections to Section 363 Sales*, 62 CATH. U. L. REV. 1 (2012) (publication forthcoming, copy available at http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1983384). In any event, this issue is not determined, except to allay Kodak's expressed fear that the need to litigate in an adversary proceeding will result in inordinate delay.

      Moreover, it seems plain that Kodak can sell the patents subject to Apple and Flashpoint's ownership claims. Although implicit within the statutory grant of authority to sell property under § 363 is the requirement that the estate have an interest in the property to be sold,

---

[7] Section 363(f)(4) permits a sale free and clear of an entity's interest in the property if "such interest is in bona fide dispute."

property of the estate as defined by § 541(a) includes contingent and disputed property interests of the debtor. *In re Kane*, 628 F.3d 631, 641 n.7 (3d Cir. 2010); *Gorka v. Joseph (In re Atlantic Gulf Communities, Corp.)*, 326 B.R. 294, 299 (Bankr. D. Del. 2005). Thus, an estate can normally convey its ownership interest in property, subject to the claims of a third party. *See, e.g., Atlantic Gulf Communities*, 326 B.R. 294 (regardless of whether the estate had ownership of the property at issue, the estate did have a claim to ownership, which the trustee could sell outside ordinary course of business by executing quitclaim deed in sale agreement). It is recognized that there are cases to the contrary, and the Court does not finally decide the issue. *See Darby v. Zimmerman (In re Popp)*, 323 B.R. 260 (B.A.P. 9th Cir. 2005) (requiring the extent of debtor's ownership rights to be determined before sale through a grant deed so as to avoid piecemeal litigation). However, the availability of such relief would make it less pressing to decide ownership interests in a case such as this.

## Conclusion

For the foregoing reasons, Kodak's motion for an order in aid of its § 363 sale is denied. The parties should immediately meet and confer on the schedule for an expedited adversary proceeding. If they cannot agree, Kodak may settle an order on three days' notice providing for such a proceeding. Kodak may also, if it is so advised, amend or clarify its motion for sale procedures with respect to a sale of its interests in the disputed patents.

Dated:  New York, New York
        June 15, 2012

*/s/ Allan L. Gropper*
UNITED STATES BANKRUPTCY JUDGE

.