**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EASTMAN KODAK COMPANY, *et al.*,[1] | ) | Case No. 12-10202 (ALG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE IMPLEMENTATION OF CLAIMS ADMINISTRATION AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

Upon the motion (the "**Motion**")[2] of Eastman Kodak Company, on behalf of itself

and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the

"**Debtors**"), for entry of an order (this "**Order**") authorizing the Debtors to implement claims

administration and alternative dispute resolution procedures; it appearing that this Court has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b); and this Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors and other parties in interest; and this Court

having found that proper and adequate notice of the Motion and the relief requested therein has

been provided in accordance with the Bankruptcy Rules, the Local Rules and the Case

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019).  The location of the Debtors' corporate headquarters is:  343 State Street, Rochester, NY 14650.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion or the Resolution Procedures.

Management Procedures for these chapter 11 cases, and that, except as otherwise ordered herein, no other or further notice is necessary; and all objections to the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Claims Administration and Alternative Dispute Resolution Procedures (the "**Resolution Procedures**"), as annexed to this Order as <u>Exhibit 1</u>, are approved. The Debtors are authorized to utilize the Resolution Procedures to pursue settlement of Designated Claims.

3.      The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Resolution Procedures, including, without limitation, paying the fees and expenses of the Mediators in connection with any Mediation as set forth in the Resolution Procedures.  Nothing in this Order or the Resolution Procedures, however, shall obligate the Debtors to settle or pursue settlement of any particular Designated Claims.  The Debtors may pursue and agree to settle any of the Designated Claims as the Debtors believe is reasonable and appropriate in their sole discretion, subject to the terms and conditions set forth in the Resolution Procedures.

4.      Nothing in this Order or the Resolution Procedures shall preclude a Designated Claimant from commencing or continuing an action against a non-debtor party.

5.      Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Resolution Procedures.

6.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

-2-

SC1:3415090.3

7.      This Court retains jurisdiction with respect to all matters arising from or

related to the enforcement of this Order and the Resolution Procedures.


Dated: May 3, 2013                          **s/Allan L. Gropper**
     New York, New York                    Allan L. Gropper
                                         United States Bankruptcy Judge

SC1:3415090.3

**<u>Exhibit 1</u>**

**<u>The Claims Administration and Alternative Dispute Resolution Procedures</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EASTMAN KODAK COMPANY, *et al.*,[1] | ) | Case No. 12-10202 (ALG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## CLAIMS ADMINISTRATION AND
## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The Claims Administration and Alternative Dispute Resolution Procedures (the

"**Resolution Procedures**") adopted in the chapter 11 cases of Eastman Kodak Company

("**Kodak**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), are

set forth below:

### I.    CLAIMS SUBJECT TO THE RESOLUTION PROCEDURES

#### A.    Claims Subject to the Resolution Procedures

The claims subject to the Resolution Procedures include any and all current and

future litigation claims asserted in these chapter 11 cases that are disputed, unliquidated or

contingent and assert or involve claims based on one or more of the following theories of

recovery, whether or not litigation previously has been commenced by the claimant:

(a) intellectual property claims, (b) personal injury claims, (c) wrongful death claims, (d) tort

claims, (e) workers' compensation claims, (f) labor and employment claims, (g) breach of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019).  The location of the Debtors' corporate headquarters is:  343 State Street, Rochester, NY 14650.

contract claims, (h) indemnity claims, (i) claims for damages arising from the rejection of an

executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code,

and (j) class action claims (each a "**Claim**" and collectively, the "**Claims**").[2]  For the avoidance

of doubt, the term Claims subject to the Resolution Procedures does not include

(i) environmental claims asserted by any governmental entity, or (ii) any party-in-interest's

objection to any proposed plan of reorganization or assignment or assumption of an executory

contract.  The Resolution Procedures may be applied to all Claims, including, without limitation,

general unsecured prepetition claims, prepetition claims asserting a priority, prepetition claims

asserting a lien or other interest in property, and administrative claims.  Subject to Section II.B

below, the Debtors, in their business judgment and sole discretion, may select a Claim for

participation in the Resolution Procedures by designating the Claim under the notice procedures

set forth below, causing the Claim to become a "**Designated Claim**."  The Debtors may select as

a Designated Claim any Claim for which the Debtors believe that the Resolution Procedures

would promote the resolution of such Claim.[3]  The holders of the Designated Claims are referred

to herein as the "**Designated Claimants**."[4]  The settlement discussions and/or Mediation (as

defined below) shall include defenses and counterclaims to the Designated Claims.  The Debtors

and the Designated Claimant may agree to include other disputes between the parties, including,

---

[2]  The Debtors' right to seek by motion or through a plan of reorganization to expand the applicability of the Resolution Procedures to other claims or to adversary proceedings is reserved.  Claimants' right to object to any such request to expand the applicability of the Resolution Procedures is similarly reserved.

[3]  Consistent with the Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Granting Relief from the Automatic Stay to Personal Injury Claimant The Estate of Vincenzo Pinzone, entered on February 5, 2013 [Docket No. 3034], Claim Number 4387, filed on July 11, 2012, shall be exempt from the Resolution Procedures and shall not be designated a Designated Claim.

[4]  To the extent that any Designated Claim is covered by insurance policies provided by Old Republic Insurance Company ("ORIC"), the Debtors shall consult with ORIC prior to making a Settlement Offer (as defined below) and at each stage of the Offer Exchange Procedures (as defined below), and ORIC shall have the right to participate in any Mediation (as defined below) with respect to that Designated Claim.

-2-

but not limited to, other claims, setoffs and offsets, in the settlement negotiations and/or

Mediation (as defined below) of the Designated Claim, and any such requests shall be given due

consideration and shall not be unreasonably rejected.

Rule 408 of the Federal Rules of Evidence shall apply to the Resolution

Procedures.  Except as permitted by Rule 408, no person may rely on or introduce as evidence in

connection with any arbitral, judicial, or other proceeding, any Settlement Offer, Counteroffer, or

Revised Settlement Offer, or any other aspect of the Resolution Procedures.

## B.  **ADR Injunction**

Upon service of the ADR Notice (as defined below) on a Designated Claimant in

accordance with Section II.B.i below, (i) such Designated Claimant (and any other person or

entity asserting an interest in the relevant Designated Claim) shall be enjoined from commencing

or continuing any action or proceeding in any manner or any place, including in the Bankruptcy

Court, seeking to establish, liquidate, collect on or otherwise enforce the Designated Claim(s)

identified in the ADR Notice, and (ii) the Debtors shall be enjoined from filing a substantive

objection to the Designated Claim ((i) and (ii), collectively, the "**ADR Injunction**").  For the

avoidance of doubt, the ADR Injunction shall not enjoin any Designated Claimant from

otherwise protecting its purported rights, including, without limitation, rights under section

365(n) of the Bankruptcy Code, by filing responses or objections to motions or applicable cure

notices filed by the Debtors, or from filing a motion in the Bankruptcy Court seeking relief from

the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

Notwithstanding the foregoing, the ADR Injunction shall not preclude the Debtors

from seeking estimation of any Designated Claim for any purpose, including, but not limited to,

for voting purposes in connection with confirmation of a plan in the applicable Debtor's chapter

SC1:3415090.3

11 case, pursuant to section 502(c) of the Bankruptcy Code, or preclude the Designated Claimant from seeking estimation of the Designated Claim solely for voting purposes in connection with confirmation of a plan in the applicable Debtor's chapter 11 case.  In the event that the Debtors file a motion seeking estimation of a Designated Claim during the pendency of the ADR Injunction with respect to that Designated Claim (other than a motion to estimate solely for purposes of voting in connection with a plan of reorganization), then the Designated Claim shall be deemed an Unresolved Designated Claim (as defined below).  The ADR Injunction shall expire with respect to a Designated Claim when either (i) the Designated Claim has been resolved pursuant to the ADR Procedures (as defined below) or (ii) the ADR Procedures have been completed as to that Designated Claim and that Claim becomes a Unresolved Designated Claim (as defined below).  The expiration of the ADR Injunction shall not extinguish, limit, or modify the automatic stay established by section 362 of the Bankruptcy Code or any similar injunction that may be imposed upon the confirmation or effectiveness of a plan in the applicable Debtors' chapter 11 cases (a "**Plan Injunction**") absent a separate order of the Bankruptcy Court, and the automatic stay and the Plan Injunction shall remain in place to the extent then in effect.

A Designated Claimant may move in the Bankruptcy Court for cause shown, including on an expedited basis upon permission from the Court and notice to the Debtors, to seek to terminate or otherwise modify the ADR Injunction with respect to its Designated Claim(s) (an "**ADR Injunction Motion**").  For the avoidance of doubt, neither the filing of nor granting of an ADR Injunction Motion shall otherwise alter the Resolution Procedures with respect to that Designated Claim(s) and both the Debtors and the Designated Claimant shall

-4-

comply with the other terms of the Resolution Procedures until completion or termination in a manner provided for herein.

## II.    THE RESOLUTION PROCEDURES

### A.    Capping Procedures

Within 30 days (the "**Capping Period**") from the date of entry of the order approving the Resolution Procedures (the "**Resolution Procedures Order**"),[5] any holder of a Claim may request the Debtors to initiate the ADR Procedures (as set forth below) for such Claim by sending a letter (a "**Capping Proposal Letter**," the form of which is attached hereto as Annex 1) to the Debtors stating a willingness to cap its Claim at a reduced amount (the "**Claim Amount Cap**").

If the Debtors, after providing notice to and being available to consult with counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and counsel to the Ad Hoc Committee of Second Lien Noteholders (the "**Second Lien Committee**"), accept the Claim Amount Cap, the Debtors will initiate the ADR Procedures (as explained below) by designating the Claim in accordance with the ADR Procedures and will indicate in the ADR Notice (as defined below) sent to the Designated Claimant that the Claim Amount Cap has been accepted.  If a Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimant, and the ultimate value of the Claim will not exceed the Claim Amount Cap (even if it becomes an Unresolved Designated Claim (as defined below)). If the Debtors accept the Claim Amount Cap, the Debtors will be responsible for all fees and

---

[5]    The Debtors and the Designated Claimant may agree in writing (which may be by electronic mail through counsel) to modify any of the time periods set forth in the Resolution Procedures.  The Debtors shall give due consideration and shall not unreasonably withhold consent to any request for a reasonable extension of time or to otherwise reasonably modify any time period set forth in the Resolution Procedures.  Bankruptcy Rule 9006(a) shall apply to all periods calculated in the Resolution Procedures.

-5-

costs of the Mediator (as defined below) associated with any Mediation (as defined below); for purposes of clarity, the Debtors shall not be responsible for any attorneys' fees, travel expenses or other costs of the Designated Claimant associated with any Mediation.

If the Debtors do not accept the amount set forth in a Capping Proposal Letter, the Debtors would be under no obligation to initiate the ADR Procedures with respect to that Claim. If the Debtors do not accept a Claim Amount Cap, the Debtors will notify the claimant that the Claim Amount Cap has been rejected, and the Claim Amount Cap will not bind any party and shall not be admissible to prove the amount of the Claim. Moreover, if a Claim Amount Cap is not accepted, the Debtors will be free, in all respects, to seek other such relief as available under the Bankruptcy Code or order of the Bankruptcy Court to address the claim, including under the ADR Procedures.

## B. Alternative Dispute Resolution ("ADR") Procedures

### i. Designation of Designated Claims

At any time following the entry of the Resolution Procedures Order, the Debtors may designate a Designated Claim for resolution through the ADR Procedures by serving upon the Designated Claimant, at the address listed on the Designated Claimant's most recently filed proof of claim or amended proof of claim, as well as to any counsel of record in these cases for the Designated Claimant, the following materials: (i) notice that the Designated Claim has been selected for participation in the ADR Procedures, (ii) a copy of the Resolution Procedures Order and the Resolution Procedures, and (iii) an offer by the Debtors to settle the Designated Claim with a statement the Debtors reasonably believe states the basis for their offer (a "**Settlement**

SC1:3415090.3

**Offer**") ((i) through (iii), collectively, the "**ADR Notice**").[6]  For transferred claims, the Debtors also will serve a copy of the ADR Notice on the transferee identified in the notice of transfer of claim.

The Debtors shall provide no less than 5 days' notice to, and be available to consult with, counsel to the Creditors' Committee and the Second Lien Committee before designating a Designated Claim with respect to any Claim where the Debtors intend to make a Settlement Offer that provides for the allowance of a general unsecured claim of $200,000 or more or an administrative claim of $100,000 or more.[7]

**ii.    Offer Exchange Procedures**

The first stage of the ADR Procedures will be the following "**Offer Exchange Procedures**," which are designed to provide the Debtors and the Designated Claimants with an opportunity to resolve the underlying Designated Claim on a consensual basis without any further proceedings by the parties.

Within 21 days of being served with the ADR Notice (the "**Settlement Response Deadline**") (absent written agreement with the Debtors on an extension of time to return the ADR Notice), a Designated Claimant shall respond to the Settlement Offer on a confidential basis by (i) accepting the Settlement Offer or (ii) rejecting the Settlement Offer and making a counteroffer (a "**Counteroffer**").  A Counteroffer shall (i) provide all facts and documents that the Designated Claimant contends substantiate the Designated Claim that are within the Designated Claimant's possession, custody or control, or that are reasonably required to permit

---

[6]    The ADR Notice is attached hereto as Annex 2 and incorporated herein by reference.  The Debtors anticipate that the ADR Notice will be substantially in the form of Annex 2.  The Debtors reserve the right, however, to modify the ADR Notice, as necessary or appropriate, consistent with the terms of the Resolution Procedures.

[7]    The settlement of any Designated Claim shall be approved, as necessary, in accordance with Section II.C below.

the Debtors to evaluate the validity and amount of the Designated Claim, (ii) state the dollar

amount of the Designated Claim with an explanation of the basis for the proposed amount (the

"**Counteroffer Amount**"), and (iii) provide the name and address of counsel representing the

Designated Claimant with respect to the Designated Claim, unless the Designated Claimant is a

natural person, in which case the Designated Claimant shall either provide the name of such

counsel or state that he or she is appearing without counsel.

If the Designated Claimant fails to sign and return the ADR Notice or to include a

Counteroffer Amount with the returned ADR Notice by the Settlement Response Deadline

(absent agreement with the Debtors on an extension of time to return the ADR Notice), the Offer

Exchange Procedures will be deemed terminated with respect to the Designated Claim, and the

Designated Claimant may be subject to further action in the Bankruptcy Court under Section II.E

below.

A Counteroffer Amount may not (i) improve the priority set forth in the

Designated Claimant's most recent timely filed proof of claim, amended proof of claim, or

administrative claim or application, or (ii) exceed the lesser of the Claim Amount Cap, if

applicable, or the amount set forth in the Designated Claimant's most recent timely filed proof of

claim or amended proof of claim, or administrative claim or application (as applicable), but may

liquidate any unliquidated amounts expressly referenced in any proof of claim.  A claimant may

not amend a proof of claim for the purpose of proposing a Counteroffer Amount of a higher

amount or a better priority unless authorized by the Bankruptcy Court following a duly noticed

motion and hearing thereon.  A Counteroffer Amount is presumed to offer the allowance of the

Designated Claim as a general unsecured claim (for prepetition claims) absent specification of

priority or secured status, or an administrative claim (for administrative priority claims), against

-8-

the Debtor identified in the applicable proof of claim to be paid in accordance with the terms set forth in a confirmed plan of reorganization. The Counteroffer may not be for an unknown, unliquidated, or indefinite amount or priority, or the Debtors may terminate the Offer Exchange Procedures with respect to the Designated Claim.

The Debtors shall respond to the Counteroffer within 15 days after receipt of the Counteroffer on a confidential basis by (i) accepting the Counteroffer Amount, (ii) rejecting the Counteroffer Amount or (iii) making a revised Settlement Offer (a "**Revised Settlement Offer**"). The Debtors shall provide no less than 3 days' notice to, and be available to consult with, counsel to the Creditors' Committee and the Second Lien Committee with respect to any Designated Claim where the Debtors intend to accept a Counteroffer Amount or make a Revised Settlement Offer that includes the allowance of a general unsecured claim of $200,000 or more or an allowed administrative claim of $100,000 or more.

Within 10 days of receiving a Revised Settlement Offer (absent agreement with the Debtors on an extension of time to respond), a Designated Claimant must accept or reject the Revised Settlement Offer. Failure to respond to a Revised Settlement Offer will be deemed a rejection of the Revised Settlement Offer. Upon either the (i) rejection of the Counteroffer or (ii) rejection of the Revised Settlement Offer, the Offer Exchange Procedures will be deemed terminated.

Following termination of the Offer Exchange Procedures, the Designated Claim may be submitted to Mediation in the Debtors' business judgment and sole discretion pursuant to the procedures set forth in section II.B.iii below. If the Debtors do not designate a Designated Claim for Mediation, the ADR Procedures are deemed concluded with respect to that Designated

SC1:3415090.3

Claim and that Designated Claim shall become an Unresolved Designated Claim (as defined below).

Nothing herein shall limit the ability of the Debtors and a Designated Claimant to at any time (i) settle a Designated Claim by mutual consent or (ii) agree by written mutual consent that the parties have reached impasse, upon which the ADR Procedures shall be immediately concluded and the Designated Claim shall be deemed an Unresolved Designated Claim (as defined below).  All settlements shall be subject to the terms of Section II.C below.

### iii.    Mediation Procedures

#### a.    Notice of Non-Binding Mediation

If a settlement is not reached through the Offer Exchange Procedures, the Debtors may, in their business judgment and sole discretion, no later than 30 days after the Offer Exchange Procedures have been terminated, select the Designated Claim for submission to nonbinding, mandatory mediation ("**Mediation**") by serving a notice of mediation (a "**Notice of Non-Binding Mediation**") on the Designated Claimant.[8]

#### b.    Location and Appointment of the Mediator

All Mediations shall be conducted in New York, New York unless the parties agree to a different location.  The parties may agree to conduct a Mediation via teleconference or videoconference, if appropriate.  Within 10 days of being served with a Notice of Non-Binding Mediation, a Designated Claimant shall choose one of the individuals identified in a list of mediators annexed to the Notice of Non-Binding Mediation (the "**Mediator**"), unless another mediator is agreed to by the Debtors and the Designated Claimant.  To the maximum extent

---

[8]    The Notice of Non-Binding Mediation is attached hereto as Annex 3 and incorporated herein by reference.  The Debtors anticipate that the Non-Binding Mediation Notice will be substantially in the form of Annex 3.  The Debtors reserve the right, however, to modify the Notice of Non-Binding Mediation, as necessary or appropriate, consistent with the terms of the Resolution Procedures.

-10-

possible, the scheduling of mediation sessions shall give due consideration to the convenience of the parties.

### c.  **Mediation Rules**

The Mediation of Designated Claims shall be governed by the Mediator's regular procedures, except where explicitly modified by the ADR Procedures.  In the event of any conflict between the Mediator's regular procedures and the ADR Procedures, the ADR Procedures shall control.  Any party to a Mediation that fails to participate in good faith, on the terms described herein, may be subject to further action in the Bankruptcy Court under Section II.E below.  The Mediation Procedures described herein may be modified upon the mutual written consent of the Debtors and the Designated Claimant.

### 1)  **Impartiality and Qualifications of Mediators**

A person appointed as a Mediator must (i) be an impartial, neutral person; (ii) have no financial or personal interest in the proceeding or, except when otherwise agreed by the parties, in any related matter; and (iii) upon appointment, disclose any circumstances likely to create a reasonable inference of bias.  In the event a Mediator discloses circumstances likely to create a reasonable inference of bias, such Mediator may be replaced at the written request of either the Debtors or the Designated Claimant prior to the Mediation.

The Debtors shall file a list of Mediators with the Bankruptcy Court, along with each Mediator's curriculum vitae and type(s) of claims the Mediator is available to mediate, prior to designating any Claims for participation in Mediation.  Each type of Claim subject to Mediation will have Mediators available with subject-matter experience.  The Debtors from time to time may modify the list of Mediators by filing a revised list with the Bankruptcy Court.  The current list of Mediators will be annexed to the Notice of Non-Binding Mediation.

SC1:3415090.3

### 2)  <u>Fees and Costs of Mediation</u>

For each Mediation conducted under these ADR Procedures, the presiding Mediator shall be entitled to charge the Mediation fees disclosed to, and agreed to by, the Debtors and the Designated Claimant.  Except for those Designated Claims for which the Debtors have accepted the Claim Amount Cap, or as otherwise agreed by the parties or ordered by the Bankruptcy Court, the Mediator's fees and the costs of any Mediation shall be shared equally by the Debtors and the Designated Claimant.  For purposes of clarity, the shared costs of the Mediation (or Debtors' costs paid due to an accepted Claim Amount Cap) shall not include attorneys' fees, travel expenses or other costs of the parties.

### 3)  <u>Pre-Mediation Briefing</u>

Unless the parties agree otherwise, on or before 30 days prior to the scheduled Mediation, the Designated Claimant shall serve on the Mediator and the Debtors by electronic transmission or facsimile and by no later than 6:00 p.m. (EDT), a confidential pre-mediation statement (the "**Opening Statement**") not to exceed 15 pages, excluding any attachments, setting forth all of the Designated Claimant's claims and identifying each cause of action or theory the Designated Claimant asserts, including a short and plain statement of the facts and law upon which the Designated Claimant relies for recovery and maintains entitle it to relief.

Unless the parties agree otherwise, on or before 15 days after service of the Opening Statement, the Debtors shall serve on the Mediator and the Designated Claimant, by electronic transmission or facsimile and by no later than 6:00 p.m. (EDT), a confidential response statement (the "**Response Statement**") not to exceed 15 pages, excluding attachments, setting forth each defense and counterclaim the Debtors assert, including a short and plain statement of the facts and law upon which the Debtors rely in support of their position.  Both the

-12-

Opening Statement and the Response Statement shall be provided on a "Mediator's-eyes-only" basis, except that the Debtors shall provide copies of the Opening Statement and the Response Statement to counsel to the Creditors' Committee and the Second Lien Committee on a confidential basis.

At the Mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the Mediator, which shall receive the same treatment as the Opening Statement and the Response Statement.  No pre-Mediation briefing may be filed with the Bankruptcy Court.

### 4)  <u>The Mediation Session</u>

Unless otherwise agreed by the parties or as provided herein, the Mediation session must commence no later than 60 days after the date on which the Mediator is appointed.  Unless otherwise agreed by the parties, the Mediation session is open only to the parties and their respective counsel.  Representatives of the Designated Claimant and the Debtors must appear at a Mediation session with a representative who has the authority to bind the party to a settlement of the Designated Claim.  If the Designated Claim that is subject to Mediation includes a general unsecured claim of $2,000,000 or more or an administrative claim of $500,000 or more, counsel to the Creditors' Committee and the Second Lien Committee may also attend and participate in the Mediation session.  The Mediation session shall proceed on a confidential basis and shall continue until the Mediator concurs with a party's request to terminate the Mediation.

### 5)  <u>Mediation Conclusion</u>

If the Mediation results in a settlement of the Designated Claim, such settlement shall be subject to the terms of Section II.C below.  If the Mediation of a Designated Claim does

not result in a settlement of the Designated Claim, the ADR Procedures are deemed concluded

and the Designated Claim shall become a Unresolved Designated Claim (as defined below).

### C.  Settlements of Designated Claims

Any settlement of a Designated Claim shall be approved, as necessary, in

accordance with the Bankruptcy Court's *Order Establishing Omnibus Procedures for Settling*

*and Allowing Certain Claims and Causes of Action* [Docket No. 3361], or as otherwise provided

by the Bankruptcy Code or other orders of the Bankruptcy Court, including any future order

confirming a chapter 11 plan in these cases.

Designated Claims may be settled by the Debtors and a Designated Claimant at

any point during these Resolution Procedures.  Nothing herein shall prevent the parties from

settling any Claim at any time.

### D.  Failure to Resolve a Designated Claim Through the ADR Procedures

Any Designated Claim that remains unresolved at the conclusion of the ADR

Procedures with respect to that Designated Claim shall become an "**Unresolved Designated**

**Claim**."  All rights of the Debtors and the Designated Claimant are reserved with respect to an

Unresolved Designated Claim, except that the Claim Amount Cap (if applicable) shall apply with

respect to the Unresolved Designated Claim.

The Debtors may decide to proceed to administer the Unresolved Designated

Claim in any manner permitted by the Bankruptcy Code or order of the Bankruptcy Court,

including without limitation:

### i.  Expedited Estimation

The Debtors may at any point following conclusion of the ADR Procedures serve

notice on a Designated Claimant that the Debtors are seeking expedited estimation of the

-14-

Unresolved Designated Claim (the "**Estimation Notice**").[9]  The Estimation Notice shall provide

a Bankruptcy Court approved date for a prompt chambers conference to determine the briefing

and hearing schedule for an expedited motion to estimate the Unresolved Designated Claim

pursuant to section 502(c) of the Bankruptcy Code.  For the avoidance of doubt, the Debtors

shall be required to file a motion seeking expedited estimation of the Unresolved Designated

Claim pursuant to section 502(c) of the Bankruptcy Code, and the Designated Claimant's right to

object to the Debtors' expedited motion to estimate is reserved.

### ii.    Rule 2004 Examination

The Debtors may seek authorization to conduct an examination pursuant to Rule

2004 of the Federal Rules of Bankruptcy Procedure in order to obtain the information and

documents necessary to evaluate fully the merits of and administer the Claim.  The Debtors shall

not seek authorization for or serve a Rule 2004 examination request on any Designated Claimant

during the period that a Claim is a Designated Claim until it becomes an Unresolved Designated

Claim.

### iii.    File a Substantive Claim Objection

The Debtors may determine, in their business judgment and sole discretion, that

the best way to resolve the Unresolved Designated Claim is to file a substantive objection in

accordance with Rule 3007 of the Federal Rules of Bankruptcy Procedure as permitted by the

Bankruptcy Code.

---

[9]    The Estimation Notice is attached hereto as Annex 4 and incorporated herein by reference.  The Debtors
anticipate that the Estimation Notice will be substantially in the form of Annex 4.  The Debtors reserve the
right, however, to modify the Estimation Notice, as necessary or appropriate, consistent with the terms of the
Resolution Procedures.

-15-

### E.  Failure to Comply with the Resolution Procedures

If a Designated Claimant or the Debtors fail to comply with the Resolution Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the Resolution Procedures, the Bankruptcy Court may, after notice and a hearing, *sua sponte* or upon motion of the Debtors or a Designated Claimant, find such conduct to be in violation of the Resolution Procedures Order or, with respect to a Designated Claimant, an abandonment of or failure to prosecute the Designated Claim, or both.  Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or in part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party. The movant shall notify the other party and obtain permission from the Bankruptcy Court prior to filing any motion asserting failure to comply with the Resolution Procedures.  If appropriate, the Bankruptcy Court may schedule a chambers conference prior to permitting any motion to be filed asserting failure to comply with the Resolution Procedures.

SC1:3415090.3

**Annex 1**

**Form of Capping Claim Letter**

[Date]

**By E-Mail and First Class Mail**

Eastman Kodak Company
c/o Alix Partners ADR Claims Team
343 State Street
Rochester, New York 14650

**Re:** **In re Eastman Kodak Company, Case No. 12-10202 (ALG) –**
**Capping Claim Letter**

Dear Eastman Kodak Company:

By this letter, I, the undersigned, represent that I am the below-referenced claimant, or an authorized signatory for the below-referenced claimant, and hereby submit my claim to the capping procedures established in the Order Authorizing the Implementation of Claims Administration and Alternative Dispute Resolution Procedures [Docket No. __] entered by the U.S. Bankruptcy Court for the Southern District of New York on _____ __, 2013 (the "**Resolution Procedures Order**").

Accordingly, I hereby propose to cap my claim at the amount specified below (the "**Claim Amount Cap**").

| Claimant's Name | Proof of Claim No. | Original Filed Amount | Claim Amount Cap | Classification and/or Priority of Claim (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

I understand and agree that the Claim Amount Cap includes all damages and relief to which I believe I am entitled, including all interest, taxes, attorneys' fees, other fees and costs. If the Claim Amount Cap is accepted by the Debtors, I understand that I am required to submit my claim to the ADR Procedures and acknowledge that my claim may be a "Designated Claim" as such term is used in the Resolution Procedures.

Sincerely,

By:           _____
Address:   _____
State:       _____

cc:    Andrew G. Dietderich
       Sullivan & Cromwell LLP
       125 Broad Street
       New York, New York  10004
       dietdericha@sullcrom.com

SC1:3415090.3

**<u>Annex 2</u>**

**<u>Form of Alternative Dispute Resolution Notice</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EASTMAN KODAK COMPANY, *et al.*,[1] | ) | Case No. 12-10202 (ALG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## <u>ALTERNATIVE DISPUTE RESOLUTION NOTICE</u>

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:**

       1.      By this notice (the "**ADR Notice**"), Eastman Kodak Company and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), designate the above-identified claim(s) (the "**Designated Claim(s)**") for participation in the ADR Procedures, pursuant to the Order Authorizing the Implementation of Claims Administration and Alternative Dispute Resolution Procedures [Docket No. __] entered by the U.S. Bankruptcy Court for the Southern District of New York on _____ __, 2013 (the "**Resolution Procedures Order**").[2]  A complete copy of the Resolution Procedures, which include the ADR Procedures, is enclosed for your reference.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019).  The location of the Debtors' corporate headquarters is:  343 State Street, Rochester, NY 14650.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Resolution Procedures Order and/or the Resolution Procedures.

2.      The Debtors have reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offer allowance of your Designated Claim(s) as proposed below in full satisfaction of the Designated Claim(s) (the "**Settlement Offer**").

3.      You are **required** to return this ADR Notice with a Claimant's Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.  Failure to return the ADR Notice by the Deadline to Respond may result in Bankruptcy Court action pursuant to Section II.E of the Resolution Procedures.

4.      In addition, to the extent that your most recent proof(s) of claim does/do not: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you based your Designated Claim(s); (c) include current, correct and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation no later than the **Deadline to Respond**.

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER

**Settlement Offer**:  The Debtors offer you an allowed _____ claim in the amount of $_____ against [Name of Debtor] in full satisfaction of your Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases.

The only permitted responses (the "**Claimant's Response**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer Amount**").  Accordingly, please select your Claimant's Response below:

---

Please indicate below if you accept or reject the Debtors' Settlement Offer by marking the appropriate box.  If you reject the Settlement Offer, please make your counteroffer where indicated.

☐      I/we agree to and accept the terms of the Settlement Offer.

**or**

☐      I/we reject the Settlement Offer.  However, I/we will accept, and propose as a Counteroffer Amount, the following allowed claim in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan or plans of reorganization confirmed and implemented in the Debtors' chapter 11 cases:

Debtor: _____
Amount:  $_____
Priority:  unsecured nonpriority claim (presumed) or ☐ other: *_____

---

-2-

> \* Note – If you choose a different priority, you must attach an explanation and any relevant documentation; if you do not choose a different priority, your Counteroffer Amount is presumed to offer the allowance of the Designated Claim as a general unsecured nonpriority claim.

Section II.B.ii of the Resolution Procedures sets forth the restrictions on the Counteroffer Amount. Your Counteroffer Amount may not (a) improve the priority set forth in your most recent timely filed proof of claim or amended proof of claim, or (b) exceed the lesser of the Claim Amount Cap (as defined in the Resolution Procedures) or the amount set forth in your most recent timely filed proof(s) of claim or amended proof(s) of claim. You may not amend your proof of claim for the purpose of proposing a Counteroffer Amount of a higher amount or a better priority.

[Signature of the Designated Claimant's Authorized Representative]

By: _____

[Printed Name]

-3-

**<u>Annex 3</u>**

**<u>Form of Notice of Non-Binding Mediation</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTMAN KODAK COMPANY, *et al.*,[1] | ) | Case No. 12-10202 (ALG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-BINDING MEDIATION

Service Date:

Claimant(s):

Claimant(s)' Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

       1.     By this Notice of Non-Binding Mediation, Eastman Kodak Company and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), submit the above-identified claims(s) (the "**Designated Claim(s)**") in the Debtors' chapter 11 cases to mediation, pursuant to the procedures (the "**ADR Procedures**") established by the Order Authorizing the Implementation of Claims Administration and Alternative Dispute Resolution Procedures [Docket No. __] entered by the U.S. Bankruptcy Court for the Southern District of New York on _____ __, 2013 (the "**Resolution Procedures Order**").[2]  The Debtors have been unable to resolve your Designated Claim(s) with you through the Offer Exchange Procedures of the ADR Procedures, or the Offer Exchange Procedures were otherwise terminated as to your Designated Claim(s) as provided for in the ADR Procedures.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019).  The location of the Debtors' corporate headquarters is:  343 State Street, Rochester, NY 14650.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Resolution Procedures Order and/or the Resolution Procedures.

      2.      As provided for in the ADR Procedures, Mediation shall be conducted in New York, New York unless the parties agree to a different location.  The parties may agree to conduct a Mediation via teleconference or videoconference, if appropriate.  As further provided in the ADR Procedures, you have 10 days to choose one of the individuals identified on the list of Mediators enclosed with this Notice of Non-Binding Mediation to conduct the Mediation, unless a different Mediator is agreed to by the parties.

      3.      A complete copy of the Resolution Procedures, which include the ADR Procedures, is enclosed for your reference.  Please refer to Section II.B.iii of the Resolution Procedures for further details and procedures relating to the Mediation.

SC1:3415090.3

**<u>Annex 4</u>**

**<u>Form of Estimation Notice</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | ) | Chapter 11 |
|   | ) |   |
| EASTMAN KODAK COMPANY, *et al.*,[1] | ) | Case No. 12-10202 (ALG) |
|   | ) |   |
| Debtors. | ) | (Jointly Administered) |
|   | ) |   |

## ESTIMATION NOTICE

Service Date:

Claimant(s):

Claimant(s)' Address:

Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

      1.      By this Estimation Notice, Eastman Kodak Company and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), seek to estimate your Unresolved Designated Claim on an expedited basis pursuant to section 502(c) of the Bankruptcy Code.[2]

      2.      A chambers conference has been scheduled before the Honorable Allan L. Gropper, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on _____ __, 2013 at _.m. (EDT) to set a briefing and hearing schedule to estimate your Unresolved Designated Claim on an expedited basis.

      3.      If your counsel (or you if proceeding without counsel) are not available to participate in a chambers conference on the date and time set forth above, you and/or your counsel must promptly notify counsel for the Debtors.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019).  The location of the Debtors' corporate headquarters is:  343 State Street, Rochester, NY 14650.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Resolution Procedures Order and/or the Resolution Procedures.