128 Enota, Avenue
Gainesville, Georgia 30501



June 30, 2013

The Honorable Allan L. Gropper
United States Bankruptcy Court for the Southern District of New York
In Re: Eastman Kodak Company, et al., Case #12-10202
One Bowling Green
New York, New York 10004

Your Honor,

    I am writing you in order to express my frustration with the actions of the Debtors and their professionals. Nowhere in the Disclosure Statement, valuations or Amended Plan of Reorganization are the Debtors adequately reporting anticipated revenues from either the recently assigned patents or their retained patents.

    With respect to the DC/KISS Patent Sale Agreement, it has become abundantly clear that the Debtors actually retained the rights to collect royalty revenue from the licensing agreements that were executed prior to the sale, except with respect to the "Assigned Royalty Stream Licenses" which are listed in Schedule 1.1(b) of the Sale Agreement.[1] Prior to the sale, former Chief Financial Officer Antoinette McCorvey stated that "[o]ver 30 companies have licensed the digital capture portfolio… all of which [agreements] are royalty bearing to Kodak."[2] My question is what is the anticipated revenue for these royalty stream licenses that were not assigned under Schedule 1.1(b)? Specifically, what are the anticipated revenues from the royalty stream licenses that were retained by the Debtors as part of the "Kodak Retained Rights"?[3]

    Historically, these retained royalty stream licenses[4] have generated significant amounts of Revenue for Kodak. Just agreements with LG and Samsung produced over $800 million in 2010 alone.[5] Additionally, I contend that the Sale Agreement provided for Kodak retaining the rights to the license agreements that were executed just prior to the sale of the portfolio. Specifically, the Sale Agreement states:

---

[1] Debtors' Supplemental Motion for an Order Authorizing the Sale of Patent Assets, Exhibit B, Docket 2612-3, In re: Eastman Kodak Company, et al., (December 19, 2012).

[2] Declaration of Antoinette P. McCorvey, Docket 2, Paragraph 40, In re: Eastman Kodak Company, et al., (January 19, 2012).

[3] Debtors' Supplemental Motion for an Order Authorizing the Sale of Patent Assets, Exhibit B, Docket 2612-3, Article I, Section 1.1, In re: Eastman Kodak Company, et al., (December 19, 2012).

[4] The Sale Agreement does not provide a schedule of licenses retained by Kodak, but Schedule 1.1(h) provides the listed license agreements pertaining to the DC/KISS portfolio, and by eliminating the Schedule 1.1(b) Assigned Royalty License Streams it is clear that the remaining license agreements are royalty-bearing to Kodak per the McCorvey Declaration, and the agreements are with: Canon Inc., Hewlett-Packard Company, Intel Corporation, Kyocera Corporation, LG Electronics Inc., Matsushita Electric Industrial Co., (Panasonic), Motorola, Inc., Nokia Corporation, Ricoh Company, Ltd., Sakar International, Sony Corporation, Samsung Electronics Co., Ltd., Sony Ericsson Mobile Communications, Carestream Health, Inc., and IMAX Corporation.

[5] Kodak Wins Another Round in Apple Camera Patent Battle, Geoff Duncan, Digital Trends, May 13, 2011, http://www.digitaltrends.com/mobile/kodak-wins-another-round-in-apple-camera-patent-battle/ .

(a) simultaneously with the Closing (as defined in the Sale Agreement) <u>but immediately prior to the Sale</u>, Kodak will grant licenses to the Assigned Patents (as defined in the Sale Agreement) to each consortium member pursuant to the Bidco DC/KISS Patent License Agreements, <u>with such Sale being subject to such licenses as Permitted Encumbrances</u>[.] [Emphasis Added]

Thus, it is my understanding, that Kodak licensed the DC/KISS portfolio immediately prior to selling the digital imaging patents and therefore retained the rights to the licenses and any royalty revenue that they generate as these agreements are not listed under the Schedule 1.1(b) assigned royalty stream licenses. However, it is impossible to know whether or not these licenses are royalty-bearing as the Bidco DC/KISS Patent License Agreements are filed under seal.[6]

With respect to the thousands of patents that Kodak is keeping, are the license agreements entered into by Kodak and the members of the consortium royalty-bearing? If these agreements are royalty stream licenses, then what are the anticipated revenues? It is impossible for the shareholders to know whether these patents will generate any royalty revenue as these agreements have also been filed under seal.[7]

I understand that the Debtors are in bankruptcy, but bankruptcy law only provides so much protection. Kodak is still a publicly traded company, and as such, must make information available to its stockholders. As you are well aware, the Debtors are now proposing to cancel the existing common shares in their Amended Plan of Reorganization, but how much longer can they continue without disclosing revenue from their most valuable asset, their intellectual property? From the small portion of information that I am privy to as a shareholder, I know that Kodak did not transfer its rights to collect royalty revenue from many of the licensing agreements concerning the patents that were sold to Intellectual Ventures, I know that Kodak licensed the DC/KISS patents to the members of the consortium just prior to executing the sale, and I know that Kodak licensed its remaining patent portfolio to the members of the consortium as part of the overall Sale Agreement. What I do <u>not</u> know, and cannot understand, is why the Debtors have failed to disclose any of this revenue in their Disclosure Statement, valuations, or even the current Plan of Reorganization.

As I mentioned above, Intellectual property and licensing agreements are the most valuable asset that the Debtors possess, and yet they have failed to disclose the revenue that these assets generate. In my opinion, it would be like the Debtors in the General Growth Properties Case not disclosing rental revenue from their most valuable asset, their real estate.

For the reasons stated above, I respectfully request that the Court demand more disclosure from the Debtors concerning their anticipated revenue for the royalty stream licenses that were retained as part of the DC/KISS sale as well as all anticipated revenue related to the licensing of the retained patent assets.

---

[6] Debtors' Supplemental Motion for an Order Authorizing the Sale of Patent Assets, Exhibit E, Docket 2612-3, In re: Eastman Kodak Company, et al., (December 19, 2012).
[7] *Id*, Exhibit D.

Respectfully,

William S. Crumley
Phone: 770-532-3331
Cell: 803-834-0370
Email: willcrumley@gmail.com