**Hearing Date:  September 4, 2019 at 10:00 a.m. (Eastern Time)**
**Response Deadline:  August 28, 2019 at 4:00 p.m. (Eastern Time)**

Pauline K. Morgan
Sean T. Greecher
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone:    (212) 332-8840
Facsimile:    (212) 332-8855

Counsel to the Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| EASTMAN KODAK COMPANY,[1] | Case No. 12-10202 (MEW) |
| Reorganized Debtor. | |

### REORGANIZED DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN AND CONFIRMATION ORDER, INCLUDING THE DISCHARGE AND INJUNCTION PROVISIONS, AND (II) GRANTING RELATED RELIEF

Eastman Kodak Company ("**Kodak**," or after the Effective Date (as defined below) the "**Reorganized Debtor**") hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), pursuant to sections 105(a), 524, and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), (i) enforcing the Reorganized Debtor's Plan and Confirmation Order, including the Discharge and Injunction Provisions thereof (each as defined below), against The Travelers Indemnity Company and Travelers Casualty and Surety Company (together, "**Travelers**") and Lumbermens Mutual Casualty Company, in Liquidation and its two insurance

---

[1]    The last four digits of the Reorganized Debtor's federal tax identification number are 7150.  The location of the Reorganized Debtor's corporate headquarters is:  343 State Street, Rochester, NY 14650.

affiliates, American Motorists Insurance Company, in Liquidation and American Manufacturers Mutual Insurance Company, in Liquidation (collectively, "**Lumbermens**"), and (ii) granting other related relief.   In support of this Motion, the Reorganized Debtor respectfully represents and sets forth as follows:

**Background**

**I.    General Background**

1.    On January 19, 2012 (the "**Petition Date**"), Kodak and its affiliates (collectively, the "**Debtors**") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    On January 25, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code.

3.    On May 10, 2012, the Court entered an order [Docket No. 1159] (the "**Bar Date Order**") (a) providing that, except as otherwise provided therein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units as defined by section 101(27) of the Bankruptcy Code) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors that arose prior to the Petition Date shall file a proof of such claim in writing so that it is received on or before July 17, 2012 at 5:00 p.m. (Prevailing Eastern Time) (the "**General Bar Date**"), and (b) approving the form and manner of notice of the General Bar Date.  In accordance with the Bar Date Order, on May 21, 2012, the Debtors served the *Notice of Deadlines Requiring Filing of Proofs of Claim on or Before July 17, 2012 (Bar Date)* (the "**Bar Date Notice**") on all known holders of claims against the Debtors.  <u>See</u> Docket No. 1718.  On May 23, 2012, the Debtors published the Bar

Date Notice once in the National Edition of *The New York Times* and the *Rochester Democrat & Chronicle*. <u>See</u> Docket Nos. 1380 and 1381.

4.        On June 26, 2013, the Court entered an order [Docket No. 4167] approving the *First Amended Disclosure Statement for Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 4143] (the "**Solicitation Procedures Order**").  On August 23, 2013, the Court entered an order [Docket No. 4966] (the "**Confirmation Order**") confirming the *First Amended Joint Chapter 11 Plan of Reorganization of Eastman Kodak Company and Its Debtor Affiliates* (as may be amended, modified or supplemented, including the plan supplement and all other exhibits and schedules, the "**Plan**"). The Plan became effective at 12:01 a.m. (Eastern Time) on September 3, 2013 (the "**Effective Date**"). <u>See</u> Docket No. 5015.

5.        On December 31, 2014, the Court entered an order closing the chapter 11 cases of all of the Debtors except the Reorganized Debtor [Docket No. 6647].  The Reorganized Debtor's Chapter 11 Case was subsequently closed on December 6, 2016 [Docket No. 6704]. The Reorganized Debtor has filed a motion to reopen its chapter 11 case contemporaneously herewith, solely for purposes of the Court's adjudication of this Motion.

## II.        Treatment of Executory Contracts Under the Plan

6.        Section 8 of the Plan addresses the treatment of executory contracts and unexpired leases.  Specifically, section 8.1 of the Plan provides:

> [A]ll Executory Contracts and Unexpired Leases will be rejected by the Plan on the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code, other than (a) Executory Contracts or Unexpired Leases previously assumed or rejected pursuant to an order of the Bankruptcy Court, (b) Executory Contracts or Unexpired Leases that are the subject of a motion to assume that is pending on the Effective Date and (c) Specified Contracts that Kodak elects to assume pursuant to the Plan. Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the rejection of such Executory Contracts and Unexpired Leases pursuant to sections 365 and 1123 of the Bankruptcy Code.

Plan § 8.1.  In addition, section 8.2 of the Plan required all proofs of claim arising from or relating to the rejection of an executory contract pursuant to the Plan to be filed with the Bankruptcy Court no later than 30 days after the Effective Date (the "**Rejection Damages Claim Bar Date**").  The Plan provided that any proof of claim arising from or relating to the rejection of an executory contract (a "**Rejection Damages Claim**") pursuant to the Plan not filed by the Rejection Damages Bar Date shall be "automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors, the Reorganized Debtors or any of their property."  Plan § 8.2.  The Confirmation Order approved each of the provisions in section 8 of the Plan.  Confirmation Order ¶ 110.

7.      Pursuant to the Solicitation Procedures Order, on July 5, 2013, the Debtors served that certain *Notice of Rejection of Executory Contracts and Unexpired Leases and Bar Date Related to Rejection Damages* (the "**Rejection Notice**"), providing notice of the Plan provisions regarding the treatment of executory contracts and the Rejection Damages Claim Bar Date.  The Debtors published the Rejection Notice in the *Democrat & Chronicle* and the national editions of *USA Today* and *The Wall Street Journal* on July 16, 2013.  See Docket Nos. 4437, 4438 & 4439.

8.      In addition, on September 4, 2013, the Debtors served the *Notice of Entry of Confirmation Order and Occurrence of Effective Date Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Eastman Kodak Company and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Notice of Effective Date**") on all known holders of claims against the Debtors notifying such parties of, among other things: (i) entry of the Confirmation Order confirming the Plan, (ii) the occurrence of the Effective Date, and (iii) the Plan's treatment of executory contracts.  See Docket No. 5038.

III.    **The New York Lawsuits**

9.    In 1921, Kodak formed Ridge Construction Corporation ("**Ridge
Construction**") to perform certain construction projects at Kodak's Rochester, New York
facilities.  Ridge Construction operated as a wholly-owned subsidiary of the Reorganized Debtor
until September of 1971, when it was dissolved as an active corporation.  Although Ridge
Construction was subsequently reincorporated in November 1971, it did not engage in any
business operations and was dissolved in June of 1996.

10.    Ridge Construction has been named as a defendant, along with various
other corporations, in several recent actions (collectively, the "**Plaintiffs**") asserting asbestos-
related personal injury and/or wrongful death causes of action.  The Plaintiffs allege that they
were exposed to asbestos as the result of their proximity to employees of Ridge Construction,
who purportedly used asbestos-containing products in the course of their work.  Specifically, as
of the date hereof, the following five lawsuits are pending against Ridge Construction before the
Supreme Court of the State of New York, Seventh Judicial District, Monroe County
(collectively, the "**New York Lawsuits**"):

a.    *Dennis D. Ryan v. Air & Liquid Systems Corporation, et al.*, Index No.
E2019003306, which was filed on April 9, 2019;

b.    *Gary W. Rademacker, et al. v. Air & Liquid Systems Corporation, et
al.*, Index No. E2019002181, which was filed on March 7, 2019;

c.    *Wayne W. Meissner and Jill G. Meissner, his spouse v. Air & Liquid
Systems Corporation, et al.*, Index No. E201800795 3/2018, which
was filed on October 3, 2018;

d.    *Robert R. Wightman v. Air & Liquid Systems Corporation, et al.*, Index
No. E201906040067, which was filed on June 3, 2019; and

e.    *Karen K. Reid, Executrix of the Estate of Donald W. Reid, Deceased
and Individually as the surviving spouse of Donald W. Reid v. Air &
Liquid Systems Corporations, et al.* Index No. E2019007306, which
was filed on August 2, 2019.

11.    Under New York law, a dissolved corporation may be sued if it retains assets available to satisfy a judgment against it.    In re Hartley, 479 B.R. 635, 640 (S.D.N.Y. 2012) (citing Rodgers v. Logan, 503 N.Y.S.2d 36, 39 (N.Y. App. Div. 1986)).

12.    Ridge Construction was an insured under primary insurance policies issued by Travelers for the policy years 1960 through February 28, 1969 (collectively, the "**Travelers Policies**").

13.    Ridge Construction was also an insured under primary insurance policies issued by Lumbermens for the policy years 1970 through February 28, 1973 (collectively, the "**Lumbermens Policies**").

### IV.    Travelers

#### A.    The Travelers Policies and the Travelers Settlement Agreement

14.    On December 21, 1998, over a decade before the Petition Date, Kodak and Travelers entered into that certain *Agreement of Settlement and Release between the Travelers Indemnity Company and Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company), and Eastman Kodak Company* (the "**Travelers Settlement Agreement**"), which addressed, in part, Travelers' obligations under the Travelers Policies for the policy years in which Ridge Construction was an insured.  The Travelers Settlement Agreement is attached hereto as Exhibit B.[2]  The Travelers Settlement Agreement resolved a dispute over the scope of coverage under the Travelers Policies.  Travelers Settlement Agreement Art. I.

15.    In consideration of Travelers' obligations, Kodak agreed to release, acquit, and discharge Travelers from claims arising under the Travelers Policies.    Id. at Art. VI.

---

[2]    The Travelers Settlement Agreement contains a confidentiality provision in Article X.  Out of an abundance of caution, contemporaneously herewith, the Reorganized Debtor has filed a motion to seal Exhibit B and other documents that have been designated as confidential.

Additionally, under the Travelers Settlement Agreement, in the event a party made a claim under any of the Travelers Policies, Kodak agreed to defend, indemnify, and hold harmless Travelers against all costs, expenses, or sanctions, including reasonable attorneys' fees.  Id. at Art. IX.

16.    Neither the Travelers Settlement Agreement nor the Travelers Policies was designated for assumption under the Plan or assumed by separate motion of the Debtors in the chapter 11 cases.  Indeed, the Plan is specific about what insurance policies and related agreements were assumed.  Section 15.16 of the Plan provides for the assumption of the "Identified Insurance Policies and Agreements," which is defined as "the insurance policies issued to, or insurance agreements or claims servicing agreements entered into by, any one or more of the Debtors prior to the Petition Date with (i) Old Republic Insurance Company, (ii) any of the affiliates of American International Group, Inc. and (iii) the Ace Companies."  Plan §§ 2.2.122, 15.16.  The Travelers Policies do not fall within the definition of "Identified Insurance Policies."

17.    As discussed more fully below, to the extent executory, the Travelers Settlement Agreement was rejected as of the Effective Date.  Plan § 8.1.

**B.    Travelers' Notice of and Participation in the Chapter 11 Cases**

18.    During the chapter 11 cases, the Debtors served Travelers with copies of the Bar Date Notice, the Rejection Notice, and Notice of Effective Date.  Nevertheless, Travelers did not file any claim against Kodak—whether in the form of a Rejection Damages Claim or otherwise—with respect to the Travelers Settlement Agreement or the Travelers Policies.

19.    Despite Travelers' failure to file such a claim, on February 13, 2012, Travelers filed proof of claim number 350 against the Debtors ("**Claim 350**") on behalf of itself

24764828.8

and its predecessors, parents, and affiliates.[3]  Claim 350 asserted a contingent, unliquidated claim against the Debtors in connection with certain surety bonds (the "**Bonds**") issued by Travelers to secure the Debtors' performance to certain third parties and related indemnity agreements (the "**Indemnity Agreements**") between Travelers and the Debtors.  Travelers asserted a secured claim in the amount of at least $2,600,000 and a general unsecured claim in the amount of $38,743,206 against the Debtors through Claim 350.  Pursuant to that certain *Stipulation Between the Debtors and Travelers Casualty & Surety Company of America Regarding Debtors' Twenty-Eighth Omnibus Objection to Claims*, Claim 350 was disallowed and expunged in its entirety without prejudice to Travelers' rights to submit a general unsecured claim to the extent it incurred any losses under the Bonds that were not collateralized.  See Docket No. 4924.

20.    In addition to filing Claim 350, on June 21, 2013, Travelers filed the *Limited Objection of Travelers Casualty & Surety Company of America to Disclosure Statement for Debtors' Proposed Plan Pursuant to Chapter 11 of the United States Bankruptcy Code* [Docket No. 4098] asserting that the Disclosure Statement should not be approved because the Plan did not specify whether the Indemnity Agreements were being assumed or the treatment of the Bonds.

## C.    Travelers' Demand for Indemnification and Defense With Respect to the New York Lawsuits

21.    On June 5, 2019, June 17, 2019 and August 7, 2019, the Reorganized Debtor provided notice of the New York Lawsuits to Travelers.  In response to the earlier notices, on July 2, 2019, Travelers demanded that the Reorganized Debtor fully defend and

---

[3]    Travelers also filed proofs of claim number 614 and 807, both of which were disallowed and expunged as duplicative of Claim 350.  See Docket Nos. 2381 & 2383.

indemnify Travelers in connection with Ridge Construction's claims pursuant to the terms of the Travelers Settlement Agreement.

22.     By letter dated July 17, 2019, the Reorganized Debtor informed Travelers that Travelers' demand in the July 2, 2019 letter violates the discharge and injunction provisions of the Plan and Confirmation Order; the Reorganized Debtor has no obligation to defend and indemnify Travelers in the New York Lawsuits or any other cases in the future.    The Reorganized Debtor requested that Travelers withdraw its July 2, 2019 demand in writing.    On July 29, 2019, Travelers responded without any substantive discussion of the bankruptcy discharge and injunction and simply reiterated its demand for defense and indemnification.

23.     Having rejected the Reorganized Debtor's request to withdraw its demand for indemnification and defense despite being advised of the violation of the Confirmation Order, Travelers left the Reorganized Debtor with no choice but to seek recourse from this Court.[4]

V.      **Lumbermens**

A.      **The Lumbermens Policies and the Lumbermens Settlement Agreement**

24.     On December 21, 2005, approximately six years prior to the Petition Date, Kodak and Lumbermens entered into that certain *Confidential Settlement Agreement and Release* (the "**Lumbermens Settlement Agreement**" and together with the Travelers Settlement Agreement, the "**Settlement Agreements**"), which addressed, in part, Lumbermens' obligations

---

[4]    The Reorganized Debtor takes no position, and seeks no opinion from this Court, with respect to the issue of whether the Plaintiffs accede to any rights on account of the applicable policies that were terminated prepetition.  From the Reorganized Debtor's standpoint, the sole issue for this Court to determine is whether Kodak's obligations to Travelers and Lumbermens under the prepetition Settlement Agreements were discharged.

under the Lumbermens Policies for the policy years in which Ridge Construction was an insured. The Lumbermens Settlement Agreement is attached hereto as <u>Exhibit C</u>.[5]

25.     Pursuant to the Lumbermens Settlement Agreement, Kodak agreed to release, acquit, and discharge Lumbermens from claims arising under the Lumbermens Policies. <u>Id.</u> at Art. II.  In the event a party made a claim under any of the Lumbermens Policies, Kodak agreed to defend, indemnify, and hold harmless Lumbermens against all such claims. Lumbermens Settlement Agreement, at Art. IV.

26.     Neither the Lumbermens Settlement Agreement nor the Lumbermens Policies were designated for assumption under the Plan or assumed by separate motion of the Debtors in the chapter 11 cases.  As noted above, the Lumbermens Policies do not fall within the definition of Identified Insurance Policies under the Plan.  Thus, pursuant section 8.1 of the Plan, to the extent it was an Executory Contract, the Lumbermens Settlement Agreement was rejected as of the Effective Date.  Plan § 8.1.

**B.     Lumbermens' Notice of the Chapter 11 Cases**

27.     During the chapter 11 cases, the Debtors served Lumbermens and its insurance affiliate, American Motorists Insurance Company, in Liquidation ("**American Motorists**") with copies of the Bar Date Notice, the Rejection Notice, and Notice of Effective Date.   Nevertheless, neither Lumbermens nor American Motorists filed any claim against Kodak—whether in the form of a Rejection Damages Claim or otherwise—with respect to the Lumbermens Settlement Agreement or the Lumbermens Policies.

---

[5]     The Lumbermens Settlement Agreement also contains a confidentiality provision in Article VII.  Out of an abundance of caution, the Debtors have filed Exhibit C under seal.

**C.        Lumbermens' Letter With Respect to the *Meissner* Lawsuit**

28.        On May 23, 2019 June 5, 2019, and August 7, 2019, the Reorganized

Debtor gave notice of the New York Lawsuits to Lumbermens.  On June 13, 2019, Lumbermens

sent a letter to the Reorganized Debtor, explaining that Lumbermens can do nothing further on

the *Meissner* case (and presumably Lumbermens would respond the same way for all the New

York Lawsuits) based on (1) the order of liquidation entered against Lumbermens, and (2) the

Lumbermens Settlement Agreement.  While Lumbermens did not specifically assert that the

Reorganized Debtor has any continuing obligations to Lumbermens under the Lumbermens

Settlement Agreement, the Reorganized Debtor responded to the letter on July 31, 2019, seeking

to clarify that, as was the case with the Travelers Settlement Agreement, there are no ongoing

indemnity obligations due to the Plan's injunction and discharge provisions.

**VI.        The Need to Enforce the Discharge.**

29.        Under the Plan, the treatment of Claims and Equity Interests under the

Plan "shall be in full and final satisfaction, settlement, release, discharge, and termination, as of

the Effective Date, of all Claims of any nature whatsoever, whether known or unknown, against,

and Equity Interests in, the Debtors, any property of their Estates, the Reorganized Debtors or

any property of the Reorganized Debtors."   Plan § 12.3.

30.        The Court approved the Plan's injunction and discharge provisions upon

entry of the Confirmation Order.  Confirmation Order ¶¶ 36–42.

31.        The New York Lawsuits are progressing, with scheduling orders in place

and trial dates approaching. In fact, the *Meissner* case is scheduled for trial on October 22, 2019,

and all defendants are required by the scheduling order in that matter to submit to the court trial

motions and produce to the Plaintiffs expert disclosures and trial exhibits by the end of August

2019.

24764828.8

11

32.     As a result, the Reorganized Debtor has retained counsel to protect the interests and defenses available to Ridge Construction in the New York Lawsuits pending a definitive determination that the Reorganized Debtor has no obligations under the Settlement Agreements.  This has required the Reorganized Debtor to incur unnecessarily significant sums, which it will continue to have to expend until there is a decision on the instant Motion.  Yet, not doing so would risk a default judgment against Ridge Construction and potential waiver of defenses and objections available to Ridge Construction's insurers to the extent any rights under the Travelers Policies are available to the plaintiffs in the New York Lawsuits under applicable nonbankruptcy law.[6]

33.     Travelers has asserted that the Reorganized Debtor remains obligated to defend and indemnify Travelers based on an erroneous reliance on the prepetition Travelers Settlement Agreement and rejected the Reorganized Debtor's request to withdraw its demand for indemnification and defense despite being advised of the violation of the Confirmation Order.  Lumbermens' position with respect to any ongoing obligations of the Reorganized Debtor remains unclear, but the Reorganized Debtor must know definitively now that it has no obligation to defend or indemnify Lumbermens, as it will otherwise unnecessarily be forced to continue to spend significant sums to defend the actions or risk a default judgement that Lumbermens may later assert the Reorganized Debtor must pay.  The situation with Travelers and Lumbermens has therefore left the Reorganized Debtor with no choice but to seek recourse from this Court.[7]

---

[6]    The Reorganized Debtor has advised counsel to the plaintiffs in the New York Lawsuits of Travelers' and Lumbermens' unwillingness to participate in the New York Lawsuits.  The Reorganized Debtor has requested a stay of the New York Lawsuits until such time as the Court may consider this Motion.  To date, the plaintiffs in the New York Lawsuits have not agreed to such a stay.

[7]    The Reorganized Debtor takes no position, and seeks no opinion from this Court, with respect to the issue of whether the Plaintiffs accede to any rights on account of the applicable policies that were terminated

### Jurisdiction

34. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Article 14 of the Plan and paragraphs 82 and 144 of the Confirmation Order, this Court retained jurisdiction over the matters that are the subject of this Motion.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Relief Requested

35. By the Motion, the Reorganized Debtor seeks entry of the Proposed Order (i) enforcing the Plan and Confirmation Order, including the plan injunction and the discharge provisions; and (ii) granting such other relief as is just and proper.

### Basis for Relief

36. Travelers' claims for defense and indemnification from the Reorganized Debtor under the prepetition Travelers Settlement Agreement violate the express terms of the Plan and Confirmation Order.

37. The basis for Travelers' position to the contrary is unclear.  If the prepetition Travelers Settlement Agreement constituted an executory contract, the Plan provides that, upon entry of the Confirmation Order, all Executory Contracts and Unexpired Leases were deemed rejected on the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code unless explicitly assumed.  Plan § 8.1.  Counterparties to Executory Contracts and

---

prepetition.  From the Reorganized Debtor's standpoint, the sole issue for this Court to determine is whether Kodak's obligations to Travelers and Lumbermens under the prepetition Settlement Agreements were discharged.

Unexpired Leases that were deemed rejected under the Plan had thirty days after the Effective

Date to assert a Claim arising from or relating to the rejection of an Executory Contract or

Unexpired Lease.  Id. at § 8.2.  Notably, "[a]ny Claim arising from or relating to the rejection of

an Executory Contract or Unexpired Lease that is not filed with the Bankruptcy Court within

such time will be automatically disallowed, *forever barred from assertion*, and shall not be

enforceable against the Debtors, the Reorganized Debtors or any of their property."  Id.

(emphasis added).

38.    At most, the Settlement Agreements were executory contracts that were

rejected on the Effective Date upon the entry of the Confirmation Order, in which case the

ongoing obligations arising out of the Settlement Agreements to defend and indemnify Travelers

and Lumbermens ceased as part of the rejection and those parties are barred from asserting

claims in accordance therewith.  Travelers and Lumbermens should be enjoined from pursuing

any indemnification or defense claims against the Reorganized Debtor because it is an

inappropriate interference with the Reorganized Debtor's post-Effective Date property.

Travelers and Lumbermens did not file timely Rejection Damages Claims related to the

Settlement Agreements against the Debtors' Estates.  Thus, even if the Settlement Agreements

were Executory Contracts capable of assumption or rejection, the Plan provided for their

rejection, and any remaining obligations, including any release or defense and indemnity

obligations, were discharged under the Plan and are forever barred from assertion by Travelers,

Lumbermens, or otherwise.

39.    To the extent that the Settlement Agreements were not Executory

Contracts, and therefore simply represented prepetition contractual obligations of the Debtors,

any obligations of the Debtors' Estates under the Settlement Agreements were discharged under

the Plan.   It is widely accepted in this district that indemnification obligations give rise to prepetition—as opposed to post-petition—claims.   See, e.g., In re Manville Forest Products Corp., 225 B.R. 862, 866 (Bankr. S.D.N.Y. 1998) (holding that indemnification right for environmental cleanup liability was a contingent, prepetition claim discharged by the plan confirmation order); In re BH S&B Holdings LLC, 401 B.R. 96, 106 (Bankr. S.D.N.Y. 2009) (finding that an indemnification obligation is a prepetition general unsecured claim). Accordingly, Travelers' and Lumbermens' recourse against the Debtors was limited to the pursuit of general unsecured claims, which were fully released and are enjoined pursuant to the Plan and Confirmation Order.  Plan, § 12.6.

40.    Either way, the Reorganized Debtor has no obligation to defend and indemnify Travelers in the New York Lawsuits or any other cases in the future.   The broad discharge and injunction provisions set forth in the Plan, and as approved by the Confirmation Order, are consistent with section 1141 of the Bankruptcy Code, which states that confirmation of a chapter 11 plan of reorganization discharges the debtor from any debt that arose prior to plan confirmation, unless the debt is specifically excepted under the Bankruptcy Code, plan, or confirmation order.   11 U.S.C. § 1141(d)(1).   Section 524 of the Bankruptcy Code further provides that the discharge afforded to a debtor "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt . . . ."  11 U.S.C. § 524(a)(2).

41.    Travelers' July 2 demand for the Reorganized Debtor to defend, indemnify and hold the Travelers Group harmless from claims in accordance with the prepetition Travelers Settlement Agreement violates the discharge and injunction provisions of the Confirmation Order and Plan.   Likewise, any attempt by Lumbermens to demand that the

Reorganized Debtor defend, indemnify and hold Lumbermens harmless from claims in accordance with the Lumbermens Settlement Agreement violates the discharge and injunction provisions of the Confirmation Order and Plan.    Accordingly, the Reorganized Debtor respectfully requests that the Court enter an order enforcing the Plan and Confirmation Order, including the Plan injunction and discharge provisions.

## Reservation of Rights

42.    The Reorganized Debtor reserves the right, in accordance with applicable law, to further supplement this Motion or to commence an adversary proceeding to the extent necessary.

## Notice

43.    Notice of this Motion has been provided to: (a) the U.S. Trustee, (b) Travelers, and (c) Lumbermens.  The Reorganized Debtor respectfully submits that further notice of this Motion is neither required nor necessary.

## Prior Request

44.    The Reorganized Debtor has not previously sought the relief requested herein from this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Reorganized Debtor respectfully requests that the Court (i) enter the Proposed Order and (ii) grant such other and further relief as may be just and proper.

Dated:  August 14, 2019
        New York, New York

*/s/ Sean T. Greecher*
Pauline K. Morgan
Sean T. Greecher
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1270 Avenue of the Americas
Suite 2210
New York, New York 10020
Telephone:      (212) 332-8840
Facsimile:      (212) 332-8855

Counsel to the Reorganized Debtor

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| EASTMAN KODAK COMPANY,[1] | Case No. 12-10202 (MEW) |
| Reorganized Debtor. | |

**ORDER ENFORCING THE DISCHARGE AND INJUNCTION PROVISIONS OF**
**THE CONFIRMATION ORDER AND THE CHAPTER 11 PLAN**

Upon the motion (the "**Motion**")[2] of Eastman Kodak Company (the "**Reorganized Debtor**"), on behalf of itself and its affiliates (collectively, as applicable, the "**Debtors**"), for entry of an order, pursuant to sections 105(a), 524, and 1141 of the Bankruptcy Code, enforcing the discharge and injunction provisions of the Reorganized Debtor's Plan; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, in addition to Article 14 of the Plan and paragraphs 82 and 144 of the Confirmation Order; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been

---

[1]    The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is:  Eastman Kodak Company (7150).  The location of the Reorganized Debtor's corporate headquarters is:  343 State Street, Rochester, NY 14650.

[2]    Capitalized terms that are not defined herein have the meanings ascribed to such terms in the Motion.

given and that no other or further notice is necessary; and after due deliberation thereon; and

good and sufficient cause appearing therefor;

## IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Travelers and Lumbermens are permanently enjoined and barred from

asserting claims for indemnification and defense against the Reorganized Debtor, arising out of

the Settlement Agreements or otherwise.  This injunction and bar applies, without limitation, to

any suit, proceeding, action, litigation or arbitration, brought in law or equity, brought in court or

otherwise.

3.      The Reorganized Debtor is authorized to take all actions necessary to

effectuate the relief granted in accordance with the Motion and pursuant to this Order.

4.      The terms and conditions of this Order will be immediately effective and

enforceable upon its entry.

5.      The Reorganized Debtor's Chapter 11 Case is hereby closed effective as

of the date of this Order; provided however, that this Court shall retain jurisdiction to hear and to

determine all matters arising from or related to implementation of this Order and shall retain

such jurisdiction as is provided in Article XIV of the Plan.


New York, New York
Date: _____, 2019          _____
                                          Michael E. Wiles
                                          United States Bankruptcy Judge


2

## **EXHIBIT B**

**Travelers Settlement Agreement**

**(Filed Under Seal)**

## **EXHIBIT C**

**Lumbermens Settlement Agreement**

**(Filed Under Seal)**