Hearing Date: September 4, 2019 at 10:00 a.m. (Eastern Time)

Pauline K. Morgan
Sean T. Greecher
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone:   (212) 332-8840
Facsimile:    (212) 332-8855
Counsel to the Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| EASTMAN KODAK COMPANY, *et al.*,[1] | Case No. 12-10202 (ALG) |
| Debtors. | (Jointly Administered) |

**REORGANIZED DEBTOR'S REPLY IN SUPPORT OF ITS MOTION
FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN AND
CONFIRMATION ORDER, INCLUDING THE DISCHARGE AND
INJUNCTION PROVISIONS, AND (II) GRANTING RELATED RELIEF**

Eastman Kodak Company ("**Kodak**," or after the Effective Date (as defined below) the "**Reorganized Debtor**"), hereby submits this reply (the "**Reply**") to the objection (the "**Objection**") of The Travelers Indemnity Company and Travelers Casualty and Surety Company ("**Travelers**") to the *Reorganized Debtor's Motion for the Entry of an Order (I) Enforcing the Plan and Confirmation Order, Including the Discharge and Injunction Provisions,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019).  The location of the Debtors' corporate headquarters is:  343 State Street, Rochester, NY 14650.

25114152.2

*and (II) Granting Related Relief* (the "**Motion**").[2]  In support of this Reply,[3] the Reorganized Debtor respectfully represents and sets forth as follows:

### Reply

1. As set forth in the Motion, the Reorganized Debtor sought relief from this Court in order to address an assertion made by Travelers that, pursuant to Section IX. of the Travelers Settlement Agreement, the Reorganized Debtor remains obligated to fully defend and indemnify Travelers on account of Ridge Construction's claims.

2. After the Motion was filed, on August 27, counsel to Travelers submitted a letter on behalf of Travelers, which stated in part that "there is *currently* no claim against Travelers which would trigger the indemnity provisions under the Notice provisions of the [Travelers Settlement] Agreement with regard to the Ridge Lawsuits.  Travelers therefore withdraws its demand to Kodak for defense and indemnity." [emphasis added].

3. The Reorganized Debtor notes, and for purposes of this Motion takes no issue with Travelers' assertion that the Travelers Settlement Agreement was not an executory contract.  Based upon that understanding, however, and if Travelers concedes that the Travelers Settlement Agreement was indeed a prepetition obligation that was not an assumed executory contract, there was no basis for Travelers to have pursued, nor is there a basis for Travelers to in the future pursue, discharged prepetition claims for defense or indemnity under the Travelers Settlement Agreement against the Reorganized Debtor.

---

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[3] The Motion sought relief as against both Travelers and Lumbermens.  Lumbermens has not asserted any opposition to the relief requested in the Motion.  Accordingly, this Reply addresses only those components of the Motion relating to Travelers.

4. Travelers' subsequent retraction of the claim it made for defense and indemnification in the New York Lawsuits does not change the fact that Travelers' assertion of such claim, violated the discharge and injunction provisions of the Plan and Confirmation Order (especially given that the Reorganized Debtor explicitly advised Travelers of such violation at the time the demand was made). This violation required the Reorganized Debtor to respond through a demand for withdrawal of the claim, and after Travelers flatly rejected that demand without discussion, to incur the cost and expense of seeking recourse from this Court.

5. By its August 27 letter and its Objection, Travelers simply advises that because there is no *current* claim asserted against it on account of the New York Lawsuits, Travelers is not *currently* requesting that the Reorganized Debtor defend and indemnify it. Travelers has not, however, conceded that any claim against the Reorganized Debtor arising out of the Travelers Settlement Agreement has been discharged by the Plan and Confirmation Order, and simply reserves its rights to assert any such claim in the future. Stated another way, Travelers' position appears to have evolved such that, while Travelers is not asserting a *present* claim for defense and indemnity, it is reserving its rights to pursue a *contingent* claim for defense and indemnity in the future. This position is no less violative of the Plan and Confirmation Order. See Plan § 12.3 (Plan treatment provides discharge "of all Claims of any nature whatsoever, whether known or unknown").

6. Further, Travelers' suggestion that they be permitted to reserve rights to assert an indemnity claim in the future leaves the Reorganized Debtor in the same uncertain circumstance as before, because the plaintiffs in the New York actions will assert a claim for any judgement obtained against Ridge Construction directly against Ridge Construction's insurers like Travelers and for which Travelers will then assert its reserved claim for indemnification

3

against the Reorganized Debtor.[4]  Without an order enforcing the Plan and Confirmation Order now by making clear Travelers has no indemnification right under the Travelers Settlement Agreement, Reorganized Debtor is faced with the same choice it had before it filed the Motion, either: (a) spending considerable sums and effort defending the New York Lawsuits, so as to avoid or minimize any adverse judgment against Ridge Construction that will ultimately be asserted directly against Travelers pursuant to New York Insurance Law § 3420(b)(1) or otherwise, or (b) taking no action, resulting in a default judgment or large verdict against Ridge Construction.  In either case, whether a judgment or verdict is rendered, Travelers' carefully crafted correspondence withdrawing the current demand demonstrates its intent to simply turn around and assert that Reorganized Debtor is on the hook for the judgment and must pay to defend Travelers in the litigation over whether the Travelers Settlement Agreement extinguished any coverage the New York Lawsuit plaintiffs may entitled to from Travelers.

7. Travelers argues that the Motion should be denied as moot because, with the withdrawal of its demand for defense and indemnity, there is no longer a live case or controversy on the issues raised in the Motion.  However, as noted, Travelers seeks to preserve its right to a contingent claim for defense and indemnity in the future.  It is widely accepted that

---

[4] The only and stated intent of the plaintiffs in the New York Lawsuits is to ultimately seek recovery from Ridge Construction's insurers, as Ridge Construction as a defunct company has no other assets from which the plaintiffs could collect on any judgment. Under New York Insurance Law § 3420(b)(1), a plaintiff that obtains a judgment against an insured is permitted to maintain an action against an insurer to recover such judgment. While the Reorganized Debtor takes no position on the validity of such action here, a plaintiff may continue to pursue such action notwithstanding the existence of a settlement agreement between the insured and insurer. See, e.g., *Coleman v. New Amsterdam Cas.*, 247 N.Y. 271, 275 (1928) (Cardozo, J.) (stating that "the settlement with the assured is not a defense to the present action by the judgment creditor"); *Rushing v. Commercial Cas. Ins. Co.*, 225 A.D. 49 (1st Dep't 1928), reversed on other grounds, 251 N.Y. 302 (1929) (same); *Smith & Wesson v. Birmingham Fire Ins. Co.*, 123 A.D. 2d 135, 137-38 (1st Dep't 1987) (holding that binding a plaintiff to a settlement between insurer and insured "would defeat the beneficial purposes of Insurance Law § 3420"); *Arida v. Essex Ins. Co.*, 299 A.D. 2d 902 (4th Dep't 2002) (holding that insured's release of the insurer does not foreclose an Insurance Law § 3420 action except under the doctrine of collateral estoppel); *Sales v. U.S. Underwriters Ins. Co.*, No. 93 Civ. 7580, 1995 WL 144783, *9 (S.D.N.Y. April 3, 1995) (holding that any insured/insurer settlement after the time of an injury "is not determinative of plaintiffs' rights" under Insurance Law § 3420).

4

25114152.2

a contingent liability can constitute a concrete, injury-in-fact where such liability is neither conjectural nor speculative. *In re TransCare Corp.*, 592 B.R. 272, 285-86 (Bankr. S.D.N.Y. 2018) ("[T]the fact that liability is contingent on a future determination by a governmental authority does not automatically mean that there is no case or controversy."); *Clinton v. City of New York*, 524 U.S. 417, 430-31 (1998). To be sure, case law instructs that the liability must be sufficiently immediate to be justiciable. *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F.Supp.2d 394, 406-07 (S.D.N.Y. 2002). A case or controversy does not exist where it is only a "mere possibility" that the alleged liability would give rise to a feared legal consequence, or where there is only the probability of a contingency coming to pass. *Id.* at 407. This is not the case here, however. The New York Lawsuits remain pending and, if a verdict is reached against Ridge Construction, will result in actions against Travelers to recover judgments under New York Insurance Law § 3420(b)(1). It is of no moment that Travelers has withdrawn its current demand for defense and indemnification—by preserving its right to a contingent claim for defense and indemnity in the future, Travelers has demonstrated that it is more than a mere possibility that it would seek defense and indemnity from the Reorganized Debtor if given the opportunity. For these reasons, there is a live case or controversy and the relief requested in the Motion is not moot.

8. Absent the Settlement Agreement's defense and indemnification provision, which the Reorganized Debtor believes are discharged, but for which Travelers reserves its rights, the Reorganized Debtor has no interest in the size of any judgment against Ridge Construction or the subsequent coverage fight between Travelers and the New York Lawsuit plaintiffs. The Reorganized Debtor submits that the Proposed Order is appropriate and will permit the Reorganized Debtor to extricate itself from the dispute, leaving Travelers to

decide if it wishes to defend the New York Lawsuits to avoid a default judgment and leaving Travelers and the New York Lawsuit plaintiffs to litigate the impact of the Settlement Agreement's extinguishing of insurance coverage on plaintiffs' ability to recover.

9. The Reorganized Debtor should not be faced with the choice of incurring defense costs in the face of a contingent claim that still violates the Plan and Confirmation Order; rather, the Court should simply enter an order enforcing the discharge so that the Reorganized Debtor can enjoy the intended purpose of such discharge. Further, entry of the Proposed Order would make clear to all parties, including the courts considering the New York Lawsuits and the plaintiffs in those actions, that the Reorganized Debtor is no longer responsible for paying any judgment under the Travelers Settlement Agreement, which would avoid the potential waste of any such parties' resources.

10. Moreover, there is also a dispute regarding the confidentiality provisions of the Travelers Settlement Agreement. Travelers continues to assert the Travelers Settlement Agreement is confidential, including by claiming its letter withdrawing the indemnity claim is subject to those confidentiality provisions. The Reorganized Debtor believes any obligation of confidentiality under the Travelers Settlement Agreement has been discharged and that, as its production is demanded by the plaintiffs in the New York Lawsuits, the Reorganized Debtor needs to be able to produce the Travelers Settlement Agreement to the New York Lawsuit plaintiffs in discovery. Otherwise, the Reorganized Debtor may face consequences through a determination by the court in the New York Lawsuits or by other courts that the Reorganized Debtor failed to properly respond to any subpoena or discovery demands.

25114152.2

**Conclusion**

WHEREFORE, for the reasons set forth herein and in the Motion, the Reorganized Debtor respectfully requests that the Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

Dated:  September 3, 2019         /s/ Sean T. Greecher
        New York, New York        Pauline K. Morgan
                                  Sean T. Greecher
                                  YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                  1270 Avenue of the Americas
                                  Suite 2210
                                  New York, New York 10020
                                  Telephone:    (212) 332-8840
                                  Facsimile:    (212) 332-8855

                                  Counsel to the Reorganized Debtor